**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware_____
(State)

Case number (*If known*): ___21-_____    Chapter __11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Agspring Mississippi Region, LLC |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 3 2 – 0 4 0 9 1 4 7 |

4. **Debtor's address**

**Principal place of business**

5101 College Boulevard
Number    Street

Leawood          KS      66211
City            State    ZIP Code

Johnson County
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City            State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City            State    ZIP Code

5. **Debtor's website (URL)**    https://agspring.com

Debtor    Agspring Mississippi Region, LLC
          Name                                                          Case number (if known)  21-

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  4   9   3   1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Agspring Mississippi Region, LLC _____          Case number (if known) __21-_____
          Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

         District _____ When _____ Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor _ See Schedule 1 _____     Relationship _____

         District _____     When _____
                                                          MM / DD / YYYY

         Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

                            _____

                            _____
                            City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

**Statistical and administrative information**

| Debtor | Agspring Mississippi Region, LLC | Case number (if known) 21- |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09   10   2021
              MM / DD / YYYY

X _____     Kyle Sturgeon
Signature of authorized representative of debtor     Printed name

Title  Chief Restructuring Officer

| Debtor | Agspring Mississippi Region, LLC | | Case number (if known) 21- |
|--------|----------------------------------|---|---------------------------|
| | Name | | |

**18. Signature of attorney**

✗    /s/ Laura Davis Jones

Signature of attorney for debtor

Date    09/10/2021

MM / DD / YYYY

Laura Davis Jones
Printed name

PACHULSKI STANG ZIEHL & JONES LLP
Firm name

919 North Market Street, 17th Floor
Number     Street

Wilmington        DE     19801
City        State     ZIP Code

(302) 652-4100        ljones@pszjlaw.com
Contact phone        Email address

2436        DE
Bar number        State

### Rider 1 to Voluntary Petition

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

Agspring Mississippi Region, LLC

Agspring MS 1, LLC

Agspring MS, LLC

Lake Providence Grain and Rice LLC

Bayou Grain & Chemical Corporation

**AGSPRING MISSISSIPPI REGION, LLC**
**AGSPRING MS 1, LLC**
**AGSPRING MS, LLC**
**LAKE PROVIDENCE GRAIN AND RICE LLC**
**BAYOU GRAIN & CHEMICAL CORPORATION**

**Omnibus Written Consent for Big River Entities**

**September 10, 2021**

The undersigned, (a) constituting all of the members of the Board of Managers with authority to vote on the matter presented herein and the undersigned holders of at least 75% of the issued and outstanding Class A Common Units of Agspring Holdco, LLC, a Delaware limited liability company ("Holdco"), which is the sole member of Agspring, LLC, a Delaware limited liability company ("Agspring LLC"); (b) the sole members of (i) Agspring Mississippi Region, LLC, a Delaware limited liability company ("AMR"); (ii) Agspring MS 1, LLC, a Delaware limited liability company ("Agspring MS 1"), (iii) Agspring MS, LLC, a Delaware limited liability company ("Agspring MS"), and (iv) Lake Providence Grain and Rice, LLC, a Delaware limited liability company ("LakeProv"); (c) the sole shareholder and all of the members of the Board of Directors with authority to vote on the matter presented herein of Bayou Grain & Chemical Corporation ("Bayou," together with AMR, Agspring MS 1, Agspring MS, and LakeProv, the "Big River Entities," and collectively with Holdco and Agspring, LLC, the "Company"); and (d) the Chief Restructuring Officer of the Big River Entities, hereby consent in writing, pursuant to the laws of their jurisdictions of formation, and hereby adopt the following resolutions, effective as of the date first written above, and waive all notice requirements in connection therewith.

**WHEREAS**, Holdco is the sole member of Agspring LLC.

**WHEREAS,** Agspring LLC is the sole member of AMR.

**WHEREAS**, AMR is the sole member of Agspring MS 1.

**WHEREAS,** Agspring MS 1 is the sole member of Agspring MS.

**WHEREAS**, Agspring MS is the sole member of LakeProv.

**WHEREAS**, LakeProv is the sole shareholder of Bayou.

**WHEREAS**, the members, shareholder, and directors have considered the financial and operational aspects of the Big River Entities' business and the recommendations of the Big River Entities' professionals and advisors;

**WHEREAS**, the members, shareholder, and directors have reviewed the historical performance of the Big River Entities, the market for the Big River Entities' services, and the current and long-term liabilities of the Big River Entities; and

**WHEREAS**, the members, shareholder, and directors have reviewed, considered, and received the recommendations of the senior management of the Big River Entities and the Big River Entities' professionals and advisors as to the terms of the proposed restructuring to be implemented during the course of a chapter 11 case of each of the Big River Entities.

**WHEREAS**, Agspring LLC, as the sole member of AMR, AMR, as the sole member of Agspring MS 1, Agspring MS 1, as the sole member of Agspring MS, Agspring MS, as the sole member of LakeProv, LakeProv as the sole shareholder of Bayou, and the Board of Directors of Bayou have authorized each of the respective Big River Entities to take the actions set forth in these resolutions.

**NOW, THEREFORE**, be it resolved as follows:

**RESOLVED**, that in the judgment of the members, shareholder, and directors of each of the Big River Entities, it is necessary, advisable and in the best interests of each of the Big River Entities, having considered the interests of creditors and other interested parties, that a voluntary petition be filed by each of the Big River Entities under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED, FURTHER**, that Kyle Sturgeon, Chief Restructuring Officer, (the "Authorized Officer") in his own discretion be, and hereby is, authorized and directed on behalf of and in the name of the Big River Entities to execute and file and to cause counsel for the Big River Entities to prepare with assistance of the Company as appropriate all petitions, schedules, lists and other papers, documents and pleadings in connection with the Big River Entities' bankruptcy cases, and to take any and all action which the Authorized Officer, or such other officers or representatives as the Authorized Officer may designate, deem necessary and proper in connection with the Big River Entities' bankruptcy cases;

**RESOLVED, FURTHER,** that the Big River Entities, the Authorized Officer, and such other officers or representatives as the Authorized Officer may designate, be, and hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as they, in their discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

**RESOLVED, FURTHER**, that, in connection with the commencement of the Chapter 11 case, the Authorized Officer, and such other officers or representatives as the Authorized Officer may designate, is authorized and directed to seek approval of an order or orders authorizing the incurrence of post-petition debtor-in-possession financing, and any such authorized officer or representative be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Big River Entities, necessary to implement such orders, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 case, which agreement(s) may require the Big River Entities to grant liens to the Big River Entities' post-petition debtor in possession lenders and its prepetition lenders as adequate protection, each other agreement, instrument, or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as the Authorized Officer, or such other officers

or representatives as the Authorized Officer may designate, approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof, subject to Bankruptcy Court approval; and

**RESOLVED, FURTHER**, that the Authorized Officer, or such other officers or representatives as the Authorized Officer may designate, be, and hereby is, authorized, directed and empowered in the name and on behalf of each of the Big River Entities, to negotiate, execute and deliver an agreement for post-petition senior secured debtor-in-possession financing (the "DIP Financing") of up to $1,500,000.00 from any party deemed acceptable to the Authorized Officer, subject to the terms and conditions set forth by the Bankruptcy Court in a final order approving such financing, and the Authorized Officer, and such other officers or representatives as the Authorized Officer may designate, is authorized to take any and all action to consummate the DIP Financing.

### Omnibus Resolutions

**RESOLVED, FURTHER**, that the undersigned hereby ratify and confirm all actions taken by each of the Big River Entities, the Authorized Officer and other officers and representatives of the Big River Entities prior to the date hereof in furtherance of the foregoing resolutions.

**RESOLVED, FURTHER**, that this consent may be executed electronically (including by .pdf) in any number of counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single consent, and shall have the force and effect of an action of the respective boards, sole members, or sole shareholders, at a duly called and held meeting of such parties.

[Signature Page Follows]

This Written Consent is effective as of the date first written above.

*On behalf of:*

**AGSPRING MISSISSIPPI REGION, LLC;**
*By its sole member Agspring, LLC*
*By its sole member Agspring Holdco, LLC*

**Board of Managers**

*Recused*
_____
Name: Greg Kennedy

_____
Name: Eric Knight

_____
Name: Mark Beemer

**AGSPRING MISSISSIPPI REGION, LLC**
*By its Chief Restructuring Officer*

_____
Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Agspring
Mississippi Region, LLC

*[Signature Page to Written Consent for Big River Entities - Page 1 of 4]*

This Written Consent is effective as of the date first written above.

*On behalf of:*

**AGSPRING MISSISSIPPI REGION, LLC**
*By its sole member Agspring, LLC*
*By its sole member Agspring Holdco, LLC*

**Board of Managers**

Name: Greg Kennedy

Name: Eric Knight

Name: Mark Beemer

**AGSPRING MISSISSIPPI REGION, LLC**
*By its Chief Restructuring Officer*

Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Agspring
Mississippi Region, LLC

*[Signature Page to Written Consent for Big River Entities – Page 1 of 4]*

This Written Consent is effective as of the date first written above.

On behalf of:

**AGSPRING MISSISSIPPI REGION, LLC**
*By its sole member Agspring, LLC*
*By its sole member Agspring Holdco, LLC*

**Board of Managers**

_____
Name: Greg Kennedy

_____
Name: Eric Knight

_____
Name: Mark Beemer

**AGSPRING MISSISSIPPI REGION, LLC**
*By its Chief Restructuring Officer*

_____
Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Agspring
Mississippi Region, LLC

This Written Consent is effective as of the date first written above.

*On behalf of:*

**AGSPRING MISSISSIPPI REGION, LLC**
*By its sole member Agspring, LLC*
*By its sole member Agspring Holdco, LLC*

**Board of Managers**

_____
Name: Greg Kennedy

_____
Name: Eric Knight

_____
Name: Mark Beemer

**AGSPRING MISSISSIPPI REGION, LLC**
*By its Chief Restructuring Officer*

_____
Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Agspring
Mississippi Region, LLC

This Written Consent is effective as of the date first written above.

*On behalf of:*

**AGSPRING MISSISSIPPI REGION, LLC**
*By its sole member Agspring, LLC*
*By its sole member Agspring Holdco, LLC*

**CLASS A COMMON UNITHOLDERS**:



HVS V LLC

By: _____
Name:  Adam L. Gubner
Title:   Authorized Person



TOBI XXI LLC

By: _____
Name:  Adam L. Gubner
Title:   Authorized Person

This Written Consent is effective as of the date first written above.

*On behalf of:*

**AGSPRING MS 1, LLC**
*By its sole member Agspring Mississippi Region, LLC &*
*Chief Restructuring Officer*
**AGSPRING MS, LLC**
*By its sole member Agspring MS 1, LLC &*
*Chief Restructuring Officer*
**LAKE PROVIDENCE GRAIN & RICE, LLC**
*By its sole member Agspring MS, LLC &*
*Chief Restructuring Officer*

Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Agspring Mississippi
Region, LLC, Agspring MS 1, LLC, Agspring MS, LLC &
Lake Providence Grain & Rice, LLC

This Written Consent is effective as of the date first written above.

*On behalf of:*

**BAYOU GRAIN & CHEMICAL CORPORATION**
*By its sole shareholder Lake Providence Grain and Rice,*
*LLC & Chief Restructuring Officer*

Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Lake Providence Grain
and Rice, LLC & Bayou Grain & Chemical Corporation

**Board of Directors**

Name: Eric Knight

Name: Mark Beemer

This Written Consent is effective as of the date first written above.

On behalf of:

**BAYOU GRAIN & CHEMICAL CORPORATION**
*By its sole shareholder Lake Providence Grain and Rice,*
*LLC & Chief Restructuring Officer*

_____
Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Lake Providence Grain
and Rice, LLC & Bayou Grain & Chemical Corporation

**Board of Directors**

_____
Name: Eric Knight

_____
Name: Mark Beemer

This Written Consent is effective as of the date first written above.

*On behalf of:*

**BAYOU GRAIN & CHEMICAL CORPORATION**
*By its sole shareholder Lake Providence Grain and Rice,*
*LLC & Chief Restructuring Officer*

_____
Name: Kyle Sturgeon
Title: Chief Restructuring Officer of Lake Providence Grain
and Rice, LLC & Bayou Grain & Chemical Corporation

**Board of Directors**

_____
Name: Eric Knight

_____
Name: Mark Beemer

**Fill in this information to identify the case:**

Debtor name  Agspring Mississippi Region, LLC

United States Bankruptcy Court for the District of

(State) Delaware

Case number (If known): 21-_____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/19

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | J&L Farms Partnership | c/o John Ross 1424 Hwy 138E Tillar, AR 71670 Tel: (870) 918-2002 | Trade Debt | | | | $25,202.00 |
| 2. | Brad Bruce | REDACTED | Trade Debt | | | | $22,676.35 |
| 3. | Donald and Dawn Myers | REDACTED | Trade Debt | | | | $16,946.17 |
| 4. | Ann Johnson | REDACTED | Trade Debt | | | | $16,721.33 |
| 5. | Ty & Laura Rogers | c/o Lindy REDACTED | Trade Debt | | | | $11,815.11 |
| 6. | Gabriel Swarek | REDACTED | Trade Debt | | | | $10,712.00 |
| 7. | George Allen Robinson | REDACTED | Trade Debt | | | | $5,891.65 |

US_Active\118952413\V-3

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. Niki Johnson | REDACTED | Trade Debt | | | | $5,580.05 |
| 9. Betty Ogden Marital Deduction Trust | 1021 Towhee Dr. Shreveport, LA 71106 | Trade Debt | | | | $2,081.88 |
| 10. Stewart & Jamie Machen | REDACTED | Trade Debt | | | | $2,035.68 |
| 11. Costello Farms LLC | 3063 Hwy 586 Oak Grove, LA 71263 Tel: (318) 428-9560 | Trade Debt | | | | $1,924.73 |
| 12. Harris Law Firm PPLC – Trust Account | P.O. Box 266 Greenville, MS 38702 Tel: (662) 430-2413 | Trade Debt | | | | $1,860.19 |
| 13. Maslon LLP | 3300 Wells Fargo Center 90 South Seventh St. Minneapolis, MN 55402 Tel: (612) 672-8200 | Trade Debt | | | | $1,045.50 |
| 14. Dora Dean Sowell | REDACTED | Trade Debt | | | | $720.05 |
| 15. Kurt Jones | REDACTED | Trade Debt | | | | $573.70 |
| 16. Howie Farms Trucking LLC | 2690 Highway 139 Monroe, LA 71203 | Trade Debt | | | | $508.76 |
| 17. Larry Tubbs | c/o Larry G. Tubbs P.O.Box 38 Pioneer, LA 71266 Tel: (318) 428-2439 | Secured Debt | Disputed Contingent Unliquidated | TBD | TBD | TBD |
| 18. Tubbs Rice Dryers, Inc., | c/o Larry G. Tubbs P.O.Box 38 Pioneer, LA 71266 Tel: (318) 647-3730 | Secured Debt | Contingent Unliquidated | TBD | TBD | TBD |
| 19. Chief Ventures, L.L.C. | c/o Larry G. Tubbs P.O.Box 38 Pioneer, LA 71266 Tel: (318) 428-2439 | Secured Debt | Contingent Unliquidated | TBD | TBD | TBD |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20. Big River Grain | c/o Larry G. Tubbs P.O.Box 38 Pioneer, LA 71266 Tel: (318) 428-2439 | Secured Debt | Contingent Unliquidated | TBD | TBD | TBD |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1] | Case No. 21-_____(___) |
| Debtors. | (Joint Administration Requested) |

## COMBINED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
## FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Agspring Mississippi Region, LLC. and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1. Debtor Agspring Mississippi Region, LLC is 100% owned by non-debtor Agspring, LLC, which is 100% owned by non-debtor Agspring Holdco, LLC.

2. Debtor Agspring MS 1, LLC is 100% owned by Debtor Agspring Mississippi Region, LLC.

3. Debtor Agspring MS, LLC is 100% owned by Debtor Agspring MS 1, LLC.

4. Debtor Lake Providence Grain and Rice LLC, is 100% owned by Debtor Agspring MS, LLC

5. Debtor Bayou Grain and Chemical Corporation is 100% owned by Debtor Lake Providence Grain and Rice LLC.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain and Chemical Corporation (7831). The Debtors' mailing address is 5101 College Blvd., Leawood, KS 66211.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1] | Case No. 21-_____ (___) |
| Debtors. | (Joint Administration Requested) |

### CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors") hereby certify that the Creditor Matrix submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the Creditor Matrix is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Creditor Matrix have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain and Chemical Corporation (7831). The Debtors' mailing address is 5101 College Blvd., Leawood, KS 66211.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Agspring Mississippi Region, LLC___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): ___21-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☒ Other document that requires a declaration _Certification of Creditor Matrix_     Combined Corporate Ownership Statement and List of Equity Security Holders,

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/10/2021__          ✗  __/s/ Kyle Sturgeon_____
         MM / DD / YYYY                    Signature of individual signing on behalf of debtor


                                   __Kyle Sturgeon_____
                                   Printed name

                                   __Chief Restructuring Officer_____
                                   Position or relationship to debtor