## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>(Jointly Administered) |

**Objection Deadline: October 8, 2021 at 4:00 p.m. (ET)**
**Hearing Date:  October 15, 2021 at 1:00 p.m. (ET)**

## MOTION OF DEBTORS FOR ENTRY OF ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent as follows in support of this motion (the "Motion"):

### Relief Requested

1.      By this Motion, the Debtors request, pursuant to sections 105(a), 330, and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), entry of an order establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who are (or will be) retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Rule 2016

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain and Chemical Corporation (7831).  The Debtors' mailing address is 5101 College Blvd., Leawood, KS 66211.

of the Bankruptcy Rules and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals (as defined herein) be structured in accordance with the procedures set forth in this Motion (the "Compensation Procedures").

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

### Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On September 10, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  No party has requested the

appointment of a trustee or examiner in these Chapter 11 cases, and no committees have been appointed or designated.

5.        Information regarding the Debtors' history and business operations, capital structure, primary indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Kyle Sturgeon* [D.I. 19] (the "Sturgeon Declaration").

### Retention of Professionals

6.        The Debtors require the assistance of several professionals to efficiently manage these proceedings to successfully and timely emerge from chapter 11.  The Debtors' retained professionals include (a) Dentons US LLP, as restructuring counsel, (b) Pachulski Stang Ziehl & Jones LLP, as restructuring co-counsel; and (c) Piper Sandler & Co. as financial advisor and investment banker (collectively, the "Debtors' Professionals").  If an official committee of unsecured creditors (the "Committee") is formed in these Chapter 11 Cases, the Committee will retain professionals as well (the "Committee's Professionals" and, together with the Debtors' Professionals, the "Retained Professionals").

### The Proposed Compensation Procedures

7.        The Debtors believe that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and other parties in interest.  A streamlined process for fee applications is in the best interest of the Debtors because it will facilitate efficient review of, and enable parties to more effectively monitor, the Retained Professionals' fees and expenses incurred in these chapter 11 cases while saving the Debtors unnecessary copying and mailing expenses.

8.    Accordingly, the Debtors request that the Court authorize and establish procedures for the interim compensation and reimbursement of Retained Professionals on terms comparable to procedures approved in other chapter 11 cases in this District.  Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

**Monthly Fee Applications**

a.    On or after the fifth (5th) day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application").

b.    Each Retained Professional who files a Monthly Fee Application shall serve a copy of such Monthly Fee Application on the following parties (collectively, the "Fee Notice Parties"): (i) counsel to the Debtors: (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA 90017 (Attn: Samuel Maizel, samuel.maizel@dentons.com, Tania M. Moyron, tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, ljones@pszjlaw.com) and Timothy P, Cairns, tcairns@pszjlaw.com), (ii) counsel to the Committee, if appointed; and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: David Buchbinder, david.l.buchbinder@usdoj.gov).

c.    Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.    All Monthly Fee Applications shall comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

4

d.    The deadline to object to any Monthly Fee Application is **4:00 p.m. (prevailing Eastern Time)** on the **twenty first (21st) day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "Objection Deadline").

e.    To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "Objection") on or before the Objection Deadline, and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties such that each Fee Notice Party actually receives the Objection on or before the Objection Deadline.

f.    Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "CNO") with the Court with respect to any fees and expenses not subject to an Objection.  After a Retained Professional files a CNO, the Debtors will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

g.    If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

**Interim Fee Applications**

h.    Unless a chapter 11 plan of reorganization or liquidation has become effective, commencing November 30, 2021, and at three-month intervals thereafter, Retained Professionals may file with the Court an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "Interim Fee Period").  The initial Interim Fee Period will include the period from the Petition Date through November 30, 2021.

i.    Retained Professionals may file their applicable Interim Fee Applications on or before the forty-fifth (45th) day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

j.    The Interim Fee Application shall include a brief description identifying the following:

(i)    the Monthly Fee Applications that are the subject of the request;

5

(ii)     the amount of fees and expenses requested;

(iii)    the amount of fees and expenses paid to date or subject to an Objection;

(iv)     the deadline for parties to file Objections to the Interim Fee Application (such Objections, the "<u>Additional Objections</u>"); and

(v)      any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

k.     Additional Objections to any Interim Fee Application shall be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties so as to be actually received by the Retained Professional and each Fee Notice Party on or before **4:00 p.m. (prevailing Eastern Time)** on the **twenty first (21st) day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

l.     The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

m.     Each Retained Professional will serve, via first class mail, its Interim Fee Application and final fee application upon the Fee Notice Parties.  Each Retained Professional will serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. No further notice is necessary.

n.     A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

o.     Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional.  All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

p.     Any member of any statutorily-appointed committee in these Chapter 11 Cases may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel will collect

and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; <u>provided</u> that, payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

q.  No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

### **Relief Requested Should Be Granted**

9.  The Bankruptcy Code authorizes compensating the Retained Professionals and establishing the Compensation Procedures.  Section 330(a)(1) of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered . . . and, (B) reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

10.  With respect to the Court's review of any such application, section 330(a)(3) of the Bankruptcy Code provides as follows:

[T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

7

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

11.    In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis.  Under section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often, if the Court permits.  Specifically, section 331 of the Bankruptcy Code provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.  Absent an order of this Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Retained Professionals rendering services in these chapter 11 cases to three times per year.

12.    Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Courts may use their discretionary authority under Bankruptcy Code section

8

105(a) because, while Bankruptcy Code section 331 "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id.* (citations omitted).

13. The size of these cases and the amount of time and effort that will be required of the Retained Professionals to successfully execute the Debtors' chapter 11 strategy justify the approval of the Compensation Procedures. The Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment. *See id.* at 727–28 ("it is likely that the professionals appointed under section 327 are investing huge quantities of time, and therefore receiving payment only once every four months may impose an intolerable burden on them . . . .") (internal quotations omitted). Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtors, Retained Professionals, the Court, and other parties.

14. In contrast to the four-month default period under section 331 of the Bankruptcy Code, the foregoing proposed Compensation Procedures provide for monthly review, enabling the Debtors to closely monitor the costs of administering these chapter 11 cases, maintain appropriate cash flows, and implement efficient cash management procedures. Moreover, these Compensation Procedures also will allow the Court and the key parties in interest to monitor the reasonableness and necessity of the compensation and reimbursement sought by the Retained

9

Professionals.  Based upon the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and therefore should be approved.

### Notice

15.      The Debtors will provide notice of this motion to:  (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and post-petition secured lenders; and (c) the Debtors' largest unsecured creditors on a consolidated basis, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice be given.

16.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

10

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 24, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
            tcairns@pszjlaw.com

-and -

**DENTONS US LLP**
Samuel R. Maizel (Admitted *Pro Hac Vice*)
Tania M. Moyron (Admitted *Pro Hac Vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:   samuel.maizel@dentons.com
            tania.moyron@dentons.com

-and-

**DENTONS US LLP**
David F. Cook (DE Bar No. 6352)
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:   david.f.cook@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*