# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>(Jointly Administered) |

**Objection Deadline: October 8, 2021 at 4:00 p.m. (ET)**
**Hearing Date:  October 15, 2021 at 1:00 p.m. (ET)**

### DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases file this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors, effective *nunc pro tunc* to the Petition Date (defined below).  In support of the Application, the Debtors rely on:  (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Rule 2016

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain and Chemical Corporation (7831).  The Debtors' mailing address is 5101 College Blvd., Leawood, KS 66211.

Statement") and (ii) the *Declaration of Laura Davis Jones in Support of Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, attached hereto as **Exhibit C** (the "Jones Declaration") which are being submitted concurrently with this Application. In support of this Application, the Debtors respectfully state the following:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. On September 10, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases (the "Chapter 11 Cases") are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these Chapter 11 cases, and no committees have been appointed or designated.

5. Information regarding the Debtors' history and business operations, capital structure, primary indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Kyle Sturgeon* [D.I. 19] (the "First Day Declaration").

**Relief Requested**

6. By this Application, the Debtors seek to employ and retain PSZ&J as their restructuring co-counsel with regard to the filing and prosecution of these Chapter 11 Cases and all related proceedings. Accordingly, the Debtors respectfully request that this Court enter the Order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy co-counsel under a general retainer to perform the legal services that will be necessary during these Cases pursuant to the terms set forth in the Application and the Jones Declaration *nunc pro tunc* to the Petition Date.

**PSZ&J's Qualifications**

7.      The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for their representation of the Debtors in these Chapter 11 Cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these Chapter 11 Cases.

8.      The professional services that PSZ&J will provide include, but shall not be limited to:

   a. providing legal advice regarding local rules, practices, and procedures;

   b. reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

   c. filing documents as requested by co-counsel, Dentons US LLO ("Dentons");

   d. preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings;

   e. preparing hearing binders of documents and pleadings, printing of documents and pleadings for hearings;

   f. appearing in Court and at any meeting of creditors on behalf of the Debtors in its capacity as co-counsel with Dentons;

   g. monitoring the docket for filings and coordinating with Dentons on pending matters that need responses;

   h. preparing and maintaining critical dates memorandum to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with same; distributing critical dates memorandum with Dentons for review and any necessary coordination for pending matters;

   i. handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Cases, and, to the extent required, coordinating with Dentons on any necessary responses; and

    j. providing additional administrative support to Dentons, as requested.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of attorneys and paralegals from PSZ&J are as follows:

| | | |
|---|---|---|
| a. | Partners | $845.00 to $1,695.00 |
| b. | Of Counsel | $679.00 to $1,275.00 |
| c. | Associates | $695.00 to $725.00 |
| d. | Paraprofessionals | $375.00 to $475.00 |

10. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other

PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

12. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $190,000, in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

13. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

14. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

## Notice

15. The Debtors will provide notice of this Application to: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and post-petition secured lenders; and (c) the Debtors' largest unsecured creditors on a consolidated basis, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice be given.

## No Prior Request

16. No prior request for the relief sought in this Application has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  September 24, 2021                             AGSPRING MISSISSIPPI REGION, LLC, *et al.*

By: */s/ Kyle Sturgeon*
Kyle Sturgeon
Chief Restructuring Officer