# Exhibit C

**Jones Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF LAURA DAVIS JONES
IN SUPPORT OF DEBTORS' APPLICATION PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, LAURA DAVIS JONES, ESQUIRE, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or

the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and

have been duly admitted to practice law in the State of Delaware, the United States District Court

for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the

United States Supreme Court.   This Declaration is submitted in support of the *Debtors'*

*Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules*

*of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain*

*Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession*

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain and Chemical Corporation (7831). The Debtors' mailing address is 5101 College Blvd., Leawood, KS 66211.

*Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.[2]

2.     Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.     The Debtors have and will retain various professionals during the pendency of these cases, including Dentons US LLP and Piper Sandler & Co.  The Debtors may retain other professionals after the date hereof.  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.     PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases.  However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

5.     PSZ&J is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that PSZ&J, its partners, of counsel, and associates:

        a.     are not creditors, equity security holders, or insiders of the Debtors;

        b.     are not and were not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

---

[2]     Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

       c.        do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.     To the best of my knowledge, neither I, nor any partner or associate of PSZJ, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.     PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $190,000 in connection with the preparation of initial documents and the prepetition representation of the Debtors.  PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation as of the Petition Date.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.     Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtors, the estates, the professionals, and the Office of the Trustee.  PSZ&J and certain of its partners, of counsel, and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases.  At this time, PSZ&J is not aware of any adverse interest or other connection with the Debtors, their creditors, the U.S. Trustee, or any party-in-interest herein in the matters upon which PSZ&J is to be retained, except as otherwise disclosed herein.  PSZ&J, however, will be in a better position

3

to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

9.      PSZ&J intends to apply for compensation for professional services rendered in connection with these Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.   The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

|     |     |     |
| --- | --- | --- |
| a. | Partners | $845.00 to $1,695.00 |
| b. | Of Counsel | $679.00 to $1,275.00 |
| c. | Associates | $695.00 to $725.00 |
| d. | Paraprofessionals | $375.00 to $475.00 |

10.    Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

11.    The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment.   These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.   It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.   The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the

Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in compliance with this Court's rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12.   No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases, except among the partners, of counsel, and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 24, 2021                              /s/ Laura Davis Jones
                                                       Laura Davis Jones