IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGSPRING MISSISSIPPI REGION, LLC, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: October 15, 2021 at 1:00 p.m.<br>Obj. Deadline: October 8, 2021 at 4:00 p.m. |

**LIMITED OBJECTION OF LARRY TUBBS, TUBBS RICE DRYERS, INC., CHIEF VENTURES, L.L.C. AND BIG RIVER GRAIN, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**

Larry Tubbs, Tubbs Rice Dryers, Inc., Chief Ventures, L.L.C. and Big River Grain, LLC (collectively, the "Tubbs Parties"), by and through undersigned counsel, hereby submit this limited objection (the "Objection") to the Motion of Debtors for Entry of Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief (the "Motion") [D.I. #36]. In support of the Objection and in limited opposition to the Motion, the Tubbs Parties respectfully represent as follows:

**BACKGROUND**

1. On September 10, 2021, (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court"). The Debtors remain as debtors-in-possession.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

1

2.      The Tubbs Parties are all either Louisiana residents or entities organized under the laws of the State of Louisiana, who are secured creditors of the Debtors. The Tubbs Parties loaned the Debtors $22 million reflected in a promissory note payable to the Tubbs Parties and secured by mortgages, assignments of leases and rents, and security interests in the Debtors' personal property in Louisiana. The Debtors are in default of their obligations to the Tubbs Parties and now owe $22 million in principal plus accrued and accruing interest.

3.      On September 30, 2019, the Tubbs Parties filed suit in state court in Louisiana against certain of the Debtors, certain non-debtor affiliates of the Debtors and several investment funds that purchased the ownership interests in the Debtors' ultimate parent company Agspring, LLC, a non-debtor entity (the "Louisiana Litigation"). The Louisiana Litigation seeks, among other relief, judgment against certain of the Debtors for their default on the note and judgment against non-debtor Agspring, LLC on its guaranty of the Debtors' obligations under the note. The Louisiana Litigation was stayed by the commencement of the Debtor's chapter 11 case.

4.      The Debtors have not filed a motion seeking approval of post-petition financing. The Debtors have not filed a motion seeking the use of cash collateral.

**LIMITED OBJECTION**

5.      The Tubbs Parties have no objection to the Delaware standard, interim compensation approval procedures contained in the Motion. The Tubbs Parties do object, however, to payment of professional fees using cash collateral.

6.      Shortly after the filing of these cases, counsel for the Tubbs Parties sent Debtors' counsel a letter identifying the Tubbs Parties' secured interest in the Debtors' property (the "Demand Letter").[2] That letter demanded, among other things, access to the Tubbs Parties'

---

[2] The Letter to Laura Davis Jones of September 24, 2021 is attached as Exhibit A hereto.

collateral and requested assurance that the Debtors were not using the Tubbs Parties' cash collateral. As of the date hereof, the Debtors have failed to respond in any manner to the Demand Letter.

7. The Motion seeks not only interim approval of professional compensation, but the Debtors' prompt payment of 80% of approved professional fees and 100% of approval expenses requested in monthly fee applications. The Motion makes no mention of the source of funds for the payment of professional fees and expenses.

8. As mentioned, the Debtors have not sought nor received approval for post-petition financing. Likewise, the Debtors have not sought nor received approval to use cash collateral. The Tubbs Parties object to the Debtors' use of cash collateral to pay professional fees and expenses. Accordingly, in keeping with Section 363(e) of the Bankruptcy Code, the Tubbs Parties request that, in approving the Motion, the Court prohibit the use of cash collateral until such time as the Debtors can demonstrate that the interests of the Tubbs Parties are adequately protected.

WHEREFORE, for the foregoing reasons, the Tubbs Parties request that the Court deny those aspects of the Motion that authorize the Debtors to pay professional fees and expenses.

Dated: October 8, 2021			CROSS & SIMON, LLC

 /s/ Michael L. Vild
Christopher P. Simon (No. 3697)
Michael L. Vild (No. 3042)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com
mvild@crosslaw.com

- and -

J. E. Cullens, Jr., Esquire
Andrée M. Cullens, Esquire
WALTERS, PAPILLION, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. 1
Baton Rouge, LA 70810
Telephone: (225) 236-3636
Facsimile: (225) 236-3650
cullens@lawbr.net
acullens@lawbr.net

- and -

Paul M. Sterbcow, Esquire
LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Telephone: (504)588-1500
sterbcow@lksalaw.com

*Counsel for Larry Tubbs, Tubbs Rice Dryers, Inc., Chief Ventures, L.L.C. and Big River Grain, LLC*