# Exhibit A



1105 NORTH MARKET STREET
SUITE 901
WILMINGTON, DELAWARE 19801

MAILING ADDRESS:
P.O. BOX 1380
WILMINGTON, DE 19899-1380

CHRISTOPHER P. SIMON
CSIMON@CROSSLAW.COM
(302) 777.4200, EXT. 102

September 24, 2021

**BY ELECTRONIC MAIL**
Laura Davis Jones, Esq.
Pachulski Stang Siehl & Jones, LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
ljones@pszjlaw.com

> Re:    *In re: Agspring Mississippi Region, LLC, et al.*
> *United States Bankruptcy Court for the District of Delaware*
> *Case No.: 21-11238 (CTG)*

Dear Laura:

We represent Larry Tubbs, Tubbs Rice Dryers, Inc., Chief Ventures, L.L.C., and Big River Grain, LLC in the Chapter 11 Bankruptcy proceedings filed by your clients, Agspring Mississippi Region, LLC ("AMR"), and its subsidiaries (collectively, the "Debtors"), on the afternoon of Friday, September 10, 2010.

As very brief background, our clients are secured creditors of the Debtors pursuant to a note and perfected security interest. The Debtors are in default of their obligations to our clients. In fact, there was a hearing set for Monday, September 13, 2021 on our clients' Motion for Partial Summary Judgment against AMR in our clients' foreclosure suit pending in case number 19-198 captioned *Tubbs, et al. v. Agspring Mississippi Region, LLC, et. al,* (the "Foreclosure Action"). The Foreclosure Action has been pending since 2018 in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana. In that proceeding, AMR admitted in discovery responses that i) it signed the note and the amendments sued upon and owed to our clients, ii) that it defaulted on the debt, iii) that the debt was accelerated, and iv) that no payment on the debt was made after acceleration.

As of September 10, 2021, AMR contractually owed (along with its non-debtor parent entity and guarantor, Agspring LLC) $22,000,000 in principal, $240,794.52 in accrued regular interest from September 1, 2018 to October 16, 2018, plus $7,645,142.72 in additional interest at the default rate of 12.0% per annum (a per diem rate of $7,232.88) from October 17, 2018 until

September 10, 2021, future default interest on the principal balance of the Note at the rate of 12.00% per annum thereafter until paid in full, and (vi) costs and attorney's fees incurred in the collection of this debt.

Our clients hold valid, first priority, perfected security interests in immovable (real) property and movable (personal) property owned by Agspring Mississippi Region, LLC ("AMR") identified in Exhibit 1 attached hereto. The mortgages include, a security interest in, not just a mortgage on land, but fixtures, improvements, component parts, extensions, betterments, attachments, renewals, renovations, bins, silos, grain elevators and any other structure used or installed on this real property for purposes of storage grain, including any substitutions and replacements, and all additions and appurtenances to the security, insurance proceeds for loss of Mortgagee's security and operational software used at the facilities located on the Real Property. This collateral includes without limitation a) all grain elevators, grain elevator facilities, grain bins and grain silos, grain pods (including the side walls, fans air tubes, and any components of the grain pods), grain handling equipment, docks, conveyor belts, machinery, ducts, air conditioning, heating, ventilating and plumbing equipment and systems, utilities, fuel stations and fuel tanks; b) all wheeled equipment including without limitation, trucks, pickups, tractors, augers, trailers, grain pod loading and unloading equipment; c) all office furniture and equipment, including without limitation, computers, servers, monitors, phones, grain grading, scale computers and computer scale heads; d) all shop tools and portable equipment, including without limitation, tools, welders, radios, generators, spare parts and supplies; and e) all operational software used at the facilities located on the land, and all assignable governmental approvals, permits and licenses pertaining to the properties. Your client has full copies of all of the collateral documents as they were attached to the Motion for Partial Summary Judgment identified above.

**On behalf of our clients, we demand access to this collateral to inspect it and to have appraisals performed. Please contact us to coordinate access for these purposes within 48 hours of receipt of this letter.**

The security interests also include an assignment of leases and rents to our clients for any leases on these properties. See Section 7 of the mortgages. Our understanding is that CGB currently leases these properties from AMR. Thus, any lease payments for these properties are our clients' cash collateral. We demand that this cash be paid to our clients or that adequate protection be provided for any proposed use by the debtor of this cash collateral under Section 363 of the Bankruptcy Code.

**Please confirm within two business day of receipt of this correspondence that 1) our clients' cash collateral is being preserved and not being used, 2) that the assets identified herein are safe and are being adequately protected, and 3) confirming the location of the movable (personal) properties identified herein.**

Please do not hesitate to contact us if you have any questions regarding this request.  We look forward to hearing your client's response no later than September 28, 2021.

We reserve all rights.

Sincerely yours,

*/s/ Christopher P. Simon*

Christopher P. Simon

CPS: ka

cc:    J. E. Cullens, Jr., Esquire
Andrée M. Cullens, Esquire
Paul M. Sterbcow, Esquire
File Copy

EXHIBIT A
TO
MORTGAGE, SECURITY AGREEMENT AND ASSIGNMENT OF RENTS

Legal Description

A LEGAL DESCRIPTION OF A
49.582 ACRE TRACT
FOR
AGSPRING MISSISSIPPI REGION, LLC
SITUATED IN
SECTION 10, T 20 N, R 10 E
WEST CARROLL PARISH, LOUISIANA

Commencing from the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll Parish, Louisiana and being the POINT OF BEGINNING, thence North 89°19'06" East along the line common to Sections 3 and 10, a distance of 1599.38' to a point on the western right of way line of Louisiana State Highway 17; thence, South 15°34'28" West along the said western right of way, a distance of 981.89' to a found 1" iron pipe on the western right of way of Louisiana State Highway 17; thence, leaving the said right of way North 80°12'46" West, a distance of 488.56' to a point; thence, South 33°34'48" West, a distance of 153.97' to a found 1" iron pipe; thence, North 88°34'18" East, a distance of 49.18' to a point; thence, South 39°23'58" East, a distance of 376.72' to a point; thence, South 45°56'00" West, a distance of 156.95' to a point near the centerline of a gravel road; thence, North 81°37'00" West along the said gravel road, a distance of 72.40' to a point; thence, South 85°24'00" West along the said gravel road, a distance of 138.60' to a point; thence, North 80°22'00" West along the said gravel road, a distance of 246.49' to a point; thence, North 87°05'00" West along the said gravel road, a distance of 304.41' to a point; thence, South 77°01'00" West along the said gravel road, a distance of 126.49' to a point; thence, leaving the gravel road North 05°44'00" West, a distance of 27.53' to a point; thence, South 89°28'49" West along the North right of way of Louisiana Highway 588, a distance of 649.10' to a point near the center of a ditch; thence, North 29°01'22" West along the center of the said ditch, a distance of 149.72' to a point; thence, North 40°47'47" West along the center of the ditch, a distance of 168.03' to a

EXHIBIT

1

point; thence, North 36°04'13" West along the said ditch, a distance of 260.50' to a point; thence, North 41°05'27" West along the said ditch, a distance of 135.14' to a found 3 ½" diameter x 4 ½" height metal post near the ditch; thence, East, a distance of 830.01' to a found 3 ½" diameter x 4 ½" height metal post; thence, South 38°45'04" East, a distance of 307.32' to a found 1" iron pipe; thence, North 00°36'04" West, a distance of 991.00' back to the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll, Louisiana and being the POINT OF BEGINNING and containing 49.596 acres more or less, LESS AND EXCEPT the 0.014 acre parcel that was sold to the Village of Pioneer.

**LESS AND EXCEPT**

**A 31.868 ACRE TRACT**
**SITUATED IN**
**SECTION 10, T 20 N, R 10 E**
**WEST CARROLL PARISH, LOUISIANA**

Commencing from a set 5/8" rebar with plastic cap at the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll Parish, Louisiana and being the POINT OF BEGINNING, thence North 89°19'06" East along the line common to Sections 3 and 10, a distance of 1599.38' to a set 5/8" rebar with plastic cap on the western right of way line of Louisiana State Highway 17; thence, South 15°34'28" West along the said western right of way, a distance of 981.89' to a found 1" iron pipe on the western right of way of Louisiana State Highway 17; thence, leaving the said right of way North 80°12'46" West, a distance of 488.56' to a set 5/8" rebar with plastic cap; thence, South 33°34'48" West, a distance of 153.97' to a found 1" iron pipe; thence, South 88°34'18" West, a distance of 758.87' to a found 1" iron pipe; thence, North 00°36'04" West, a distance of 991.00' back to a set 5/8" rebar with plastic cap at the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll, Louisiana and being the POINT OF BEGINNING and containing 31.868 acres more or less,

SUBJECT TO existing rights of way for public roads, drainage and

utilities.**EXHIBIT B**
**TO**
**MORTGAGE AND SECURITY AGREEMENT**

<u>Permitted Exceptions</u>

A true copy of original Filed for Record
this 3rd day of Dec... 20 15
at 3:40 PM Book 265
Page 546 Date Reg. No. 250832
Darlene Fuller
Clerk of Court--West Carroll Parish La.

## AMENDMENT OF MORTGAGE

BE IT KNOWN that on this day before me, Notary in and for the Parish of West Carroll, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared: **AGSPRING MISSISSIPPI REGION, LLC.**, a Delaware limited liability company (the *"Borrower"*) and **LARRY TUBBS**, an individual, **TUBBS RICE DRYERS, INC.**, a Louisiana corporation, **CHIEF VENTURES, L.L.C.**, a Louisiana limited liability company, and **BIG RIVER GRAIN, LLC.**, a Louisiana limited liability company (individually or collectively the *"Mortgagee"*).

This AMENDMENT OF MORTGAGE, ("Amendment") is dated and made effective as of September 6, 2013.

WHEREAS, Borrower granted to the Mortgagee that certain Mortgage, Security Agreement and Assignment of Leases and Rents recorded September 13, 2013, in Mortgage Book 256, Page 25, under Date Register No. 245613 of the records of West Carroll Parish, Louisiana, and recorded September 13, 2013, in Mortgage Book 710, Page 172, under Date Register No. 238110 of the records of Morehouse Parish, Louisiana(collectively, the "Mortgage").

WHEREAS, an uncertainty appeared in sums borrowed and advanced in the first paragraph of Page 2. This paragraph should be amended and replaced entirely.

NOW, THEREFORE, Borrower and the Mortgagee agree to amend the 1st paragraph on page 2 of the Mortgage by substituting the following:

1.    For all sums loaned and advanced or to be loaned and advanced, obligations incurred or to be incurred or notes made or to be made in favor of Mortgagee not to exceed One Hundred Million dollars ($100,000,000.00) including, but not limited to, the sum of SEVENTEEN MILLION AND NO/100 ($17,000,000.00) DOLLARS, which was loaned and advanced to Mortgagor, and for the reimbursement thereof, Mortgagor has made and subscribed, as evidence of said indebtedness one certain Promissory Note dated as of June 26, 2013 in the principal sum of Seven Million and No/100 ($7,000,000.00) DOLLARS, as amended and restated by that certain Amended and Restated Promissory Note dated as of September 6, 2013, in the Principal Amount of $17,000,000.00, payable to the order of Mortgagee and payable in consecutive monthly payments as set forth therein, with a full and final payment' of all principal and interest due hereon being due and payable on the "Maturity Date" shown therein) (which Promissory Note, together with any increases or extensions thereof as evidenced by any renewal or refinancing note or notes delivered in substitution therefor or other amendments or supplements thereto, shall be collectively referred to hereinafter as the "Note"). This note may be prepaid in whole or in part at any time without payment of premium or penalty.

PLAINTIFF'S
EXHIBIT
tabbie
E

WHEREAS, an uncertainty appeared in "Excluded Property in the last paragraph of Page 3 and continued on the top of page 4 of the above described mortgages. This should be deleted and replaced.

NOW, THEREFORE, Borrower and the Mortgagee agree to amend the Mortgage on the last paragraph of Page 3 and continued on the top of page 4 to substitute in its place the following:

> Notwithstanding the foregoing, or any provision to the contrary contained herein. All of the following personal properties of Mortgagor are expressly excluded from the foregoing provisions (collectively, the "**Excluded Property**"), all inventory together with the following property of mortgagor related to inventory: cash, movables not located and used in storing or handling grain on the Land, accounts receivable, chattel paper, deposit accounts, documents, farm products, books, grain inventory, motor vehicles, tort claims not related to loss of property covered by this mortgage and the like, but excepted from this "Excluded Property" are immovable and/or fixtures, improvements, component parts, extensions, betterments, attachments, renewals, renovations, bins, silos, grain elevators and any other structure used or installed on this real property for purposes of storage grain, substitutions and replacements, and all additions and appurtenances to the security, insurance proceeds for loss of Mortgagee's security and operational software used at the facilities located on the Real Property.

Except as specifically amended herein and except for the said Amendments, the Mortgage shall remain in full force and effect as originally executed. This Amendment shall be binding on the successors and assigns of the parties hereto.

This Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

This Amendment shall be governed by, and construed in accordance with, the laws of the State of Louisiana (without giving effect to any conflicts of law principles).

This Amendment represents the final agreement between Borrower and the Mortgagee as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

The Clerk of Court of West Carroll and Morehouse Parishes, Louisiana is authorized to note this Amendment in the margin of the above described document when filed of records in West Carroll and Morehouse Parishes; and this Amendment shall be given retroactive effect to the date of the above described instruments which it does correct.

[THE BELOW SPACE IS INTENTIONALLY LEFT BLANK]

THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the 3ʳᵈ day of _December_ , A.D., 2015, at my office in West Carroll Parish, Louisiana, after due reading of the whole.

WITNESSES:

_(signature)_
Barbie Smith

_(signature)_
Erline W. Vickery

MORTGAGEE:

_(signature)_
LARRY TUBBS

TUBBS RICE DRYERS, INC.

BY: _(signature)_

CHIEF VENTURES, L.L.C.

BY: _(signature)_
LARRY TUBBS, MANAGER

BIG RIVER GRAIN, LLC.

BY: _(signature)_
LARRY TUBBS, MANAGER

_(signature)_
NOTARY PUBLIC

DONALD K. CARROLL
Bar # 3897/ Notary Public # 39095
State of Louisiana
My Commission Expires: At Death

THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the _1_ day of December, A.D., 2015, at my office in _Johnson_ County, _Kansas_ , after due reading of the whole.

WITNESSES:

Signature _Jennifer Mick_
Printed name _Jennifer Mick_

Signature
Printed name _Luann Eskew_

BORROWER:

**AGSPRING MISSISSIPPI REGION, LLC.**, a
Delaware limited liability company

BY: _____

Name: _Brad Clark_

Title: _President_

_Jennifer Ann Trupka_
NOTARY PUBLIC

JENNIFER ANN TRUPKA
My Appointment Expires
April 25, 2018

# EXHIBIT A
## TO
## MORTGAGE, SECURITY AGREEMENT AND ASSIGNMENT OF RENTS

Legal Description

Those portions of ground,  lying, being and situated in the Parish of Morehouse, State of Louisiana, particularly described as follows, to-wit:

TRACT 1:    A tract of land situated in Section 40, T21N, R6E, Morehouse Parish, Louisiana, more particularly described as follows: Beginning at an iron pipe on the West side of LA State Hwy. No. 138 and being 50.8 feet from and at right angles to the centerline, and being 3368.3 feet West and 3046.1 feet South of the corner common to Sections 39, 40, and 43 of T21N, R7E, Morehouse Parish, Louisiana, and thence run N 81°10' W, along the North line of Section 40, T21N, R6E, a distance of 1280 feet to the center of a drainage canal; thence turn and run S 15°42' W, along the center of the canal 453.75 feet, thence turn and run S 81°10' E, 1053.63 feet to an iron pipe in the West line of LA State Hwy. No. 138, and being 50.8 feet from the centerline; thence turn and run N 40°52' E, along the West line of said highway and being 50.8 feet from the centerline 530.8 feet to an iron pipe and the Point of Beginning.

The above described tract of land being situated in Section 40, T21N, R6E, and containing 12.04 acres, more or less. (This being the same tract of land acquired by Morehouse Gin and Elevator Company from George Donald Bacon, Jr., per Act of Sale on March 28, 1966, and recorded in Conveyance Book 237, page 414 of the records of Morehouse Parish, Louisiana), and

TRACT 2:    From an iron pipe on the West side of LA State Hwy. No. 138 and being 50.8 feet from and at right angles to the centerline and being 3368.3 feet West and 3046.1 feet South of the corner common to Sections 39, 40 and 43 of Township 21 N, R7E, Morehouse Parish, Louisiana, and thence run S 40°52' W, along the West line of said LA State Hwy No. 138 and being 50.8 feet from the centerline 530.8 feet to the Point of Beginning; thence continue on th same course of S 40°52' W, along the West side of the said highway and being 50.8 feet from the centerline 116.78 feet; thence run N 81°10' W, 1003.61 feet to the center of a drainage canal; thence turn and run N 15°42' E, along the center of the drainage canal 99.71 feet to the Southwest corner of that certain 12.04 acre tract of land belonging to the Morehouse Gin & Elevator Company, Inc.; thence turn and run S 81°10' E, along the South line of said 12.04 acre tract of land 1053.63 feet to the Southeast corner thereof and the Point of Beginning.

The above described tract of land being situated in Section 40, T21N, R6E, Morehouse Parish, Louisiana, and containing 2.338 acres, more or less.  (This being the same tract of land acquired by Morehouse Gin & Elevator Company from George Donald Bacon, Jr., per Act of Sale on March 8, 1967, and recorded in Conveyance Book 243, page 329, of the records of Morehouse Parish, Louisiana.)

TRACT 3:    FROM an iron bar at the corner common to Sections 36, 40 and 45 of T21N, R6E, Morehouse Parish, Louisiana, thence run S 81°11'38" E along the line common to said Sections 45 and 40 and Section 39 for 3,053.30 feet to a point in the western right-of-way line of Louisiana State Hwy. No. 138 and being 3,046.10 feet South and 3,368.30 feet West of the corner common to Sections 39, 40 and 43 of T21N, R7E; thence run S 40°52' W along the said western right-of-way line of Louisiana State Hwy. No. 138 for 647.58 feet to an iron pipe and the Point of Beginning; thence continue S 40°52' W along the said western right-of-way line for 20.88 feet to an iron pipe; thence run N 81°20'13" W for 995.07 feet to a point; thence run N 15°42'00" E for 20.89 feet to a point; thence run S 81°09'48" E for 1,003.61 feet to an iron pipe in the aforesaid western right-of-way line of Louisiana State Hwy. No. 138 and the Point of Beginning.  The above described tract of land is situated in a portion of Section 40 of T21N, R6E, Morehouse Parish, Louisiana, and containing 0.4409 acres as surveyed by Frank L. Messenger, Professional Land Surveyor in July of 1998.

19

NO:0104474/00001:164778v6

TRACT 4:    A tract of land situated in Sections 39 and 45, T21N, R6E, Morehouse Parish, Louisiana, more particularly described as follows:    Beginning at an iron pipe on the West side of LA State Hwy. 138 and being 50.8 feet from and at right angles to the centerline and being 3368.3 feet West and 3046.1 feet South of the corner common to Section 39, 40 and 43 of T21N, R7E, Morehouse Parish, Louisiana; thence run N 81°10' W, along the North line of Section 40 and the South line of Section 39 and 45 a distance of 1789.79 feet to the Southwest corner of the Emma Davenport Williams Estate; thence turn and run N 8°02' E, along the West line of said property 119.17 feet to a point; thence turn and run S 81°10' E, parallel to the South line of Section 39 a distance of 1866.0 feet to the intersection of the Western right-of-way line of LA State Hwy. No. 138; thence run S 40°52' W, along said Western right-of-way line a distance of 140.55 feet to the Point of Beginning. The above described property being situated in a portion of Section 39 and 45 of T21N, R6E, Morehouse Parish, Louisiana, and containing 5.000 acres, more or less. (This being the same tract of land acquired by Morehouse Gin & Elevator Company for Guy D. Williams, M.D., et al, pursuant to Act of Sale dated July 15, 1980, and recorded in Conveyance Book 355, page 450, of the records of Morehouse Parish, Louisiana), and

Beginning at an iron pipe on the West side of LA State Hwy. No. 138 and being 50.8 feet from and at right angles to the centerline and being 3,276.37 feet West and 2,933.85 feet South of the corner common to Sections 39, 40 and 43 of T21N, R7E, Morehouse Parish, Louisiana, thence run N 81°10' W, parallel to the North line of Section 40 and the South line of Sections 39 and 45, T21N, R6E, a distance of 1,866.0 feet to the West line of the Emma Davenport Williams Estate; thence turn and run N 8°02' E, along the West line of said property 114.49 feet to a point; thence turn and run S 81°10' E, parallel to the South line of Section 39 and 45 a distance of 1,939.23 feet to the intersection of the Western right of way line of LA State Hwy. No. 138; thence run S 40°52' W, along the Western right of way line a distance of 135.03 feet to the Point of Beginning. The above described tract of land being situated in a portion of Section 39 and 45, T21N, R6E, Morehouse Parish, Louisiana, and containing 5.000 acres, more or less (This being the same tract of land acquired by Morehouse Gin & Elevator Company for Guy D. Williams, M.D., et al, pursuant to Act of Sale dated January 7, 1982, and recorded in Conveyance Book 368, page 59, of the records of Morehouse Parish, Louisiana)

## AND TOGETHER WITH THE FOLLOWING IMMOVABLE PROPERTY LOCATED IN WEST CARROLL PARISH, LOUISIANA:

### A 31.868 ACRE TRACT
### SITUATED IN
### SECTION 10, T 20 N, R 10 E
### WEST CARROLL PARISH, LOUISIANA

Commencing from a set 5/8" rebar with plastic cap at the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll Parish, Louisiana and being the POINT OF BEGINNING, thence North 89°19'06" East along the line common to Sections 3 and 10, a distance of 1599.38' to a set 5/8" rebar with plastic cap on the western right of way line of Louisiana State Highway 17; thence, South 15°34'28" West along the said western right of way, a distance of 981.89' to a found 1" iron pipe on the western right of way of Louisiana State Highway 17; thence, leaving the said right of way North 80°12'46" West, a distance of 488.56' to a set 5/8" rebar with plastic cap; thence, South 33°34'48" West, a distance of 153.97' to a found 1" iron pipe; thence, South 88°34'18" West, a distance of 758.87' to a found 1" iron pipe; thence, North 00°36'04" West, a distance of 991.00' back to a set 5/8" rebar with plastic cap at the Northwest corner of the Northeast ¼ of the Northwest ¼ of Section 10, T20N, R10E, West Carroll, Louisiana and being the POINT OF BEGINNING and containing 31.868 acres more or less.

20

# EXHIBIT B
## TO
## MORTGAGE AND SECURITY AGREEMENT

Permitted Exceptions

All easements, servitudes and title covenants of public record.

21

NO:0104474/00001;164778v6

DEC 03 2015                    250832                    546

## AMENDMENT OF MORTGAGE

BE IT KNOWN that on this day before me, Notary in and for the Parish of West Carroll, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared: AGSPRING MISSISSIPPI REGION, LLC., a Delaware limited liability company (the *"Borrower"*) and LARRY TUBBS, an individual, TUBBS RICE DRYERS, INC., a Louisiana corporation, CHIEF VENTURES, L.L.C., a Louisiana limited liability company, and BIG RIVER GRAIN, LLC., a Louisiana limited liability company (individually or collectively the *"Mortgagee"*).

This AMENDMENT OF MORTGAGE, ("Amendment") is dated and made effective as of September 6, 2013.

WHEREAS, Borrower granted to the Mortgagee that certain Mortgage, Security Agreement and Assignment of Leases and Rents recorded September 13, 2013, in Mortgage Book 256, Page 25, under Date Register No. 245613 of the records of West Carroll Parish, Louisiana, and recorded September 13, 2013, in Mortgage Book 710, Page 172, under Date Register No. 238110 of the records of Morehouse Parish, Louisiana(collectively, the "Mortgage").

WHEREAS, an uncertainty appeared in sums borrowed and advanced in the first paragraph of Page 2. This paragraph should be amended and replaced entirely.

NOW, THEREFORE, Borrower and the Mortgagee agree to amend the 1st paragraph on page 2 of the Mortgage by substituting the following:

1.  For all sums loaned and advanced or to be loaned and advanced, obligations incurred or to be incurred or notes made or to be made in favor of Mortgagee not to exceed One Hundred Million dollars ($100,000,000.00) including, but not limited to, the sum of SEVENTEEN MILLION AND NO/100 ($17,000,000.00) DOLLARS, which was loaned and advanced to Mortgagor, and for the reimbursement thereof, Mortgagor has made and subscribed, as evidence of said indebtedness one certain Promissory Note dated as of June 26, 2013 in the principal sum of Seven Million and No/100 ($7,000,000.00) DOLLARS, as amended and restated by that certain Amended and Restated Promissory Note dated as of September 6, 2013, in the Principal Amount of $17,000,000.00, payable to the order of Mortgagee and payable in consecutive monthly payments as set forth therein, with a full and final payment' of all principal and interest due hereon being due and payable on the "Maturity Date" shown therein) (which Promissory Note, together with any increases or extensions thereof as evidenced by any renewal or refinancing note or notes delivered in substitution therefor or other amendments or supplements thereto, shall be collectively referred to hereinafter as the "Note"). This note may be prepaid in whole or in part at any time without payment of premium or penalty.

A True Copy of Original Filed For Record
This 3rd Day of Dec. 20 15
At 3:40 P M Book 265
Page 546 Date Reg. No. 250832
*Darlene Fuller*
Clerk of Court, West Carroll Parish, LA


PLAINTIFF'S EXHIBIT
H

547

WHEREAS, an uncertainty appeared in "Excluded Property in the last paragraph of Page 3 and continued on the top of page 4 of the above described mortgages. This should be deleted and replaced.

NOW, THEREFORE, Borrower and the Mortgagee agree to amend the Mortgage on the last paragraph of Page 3 and continued on the top of page 4 to substitute in its place the following:

> Notwithstanding the foregoing, or any provision to the contrary contained herein. All of the following personal properties of Mortgagor are expressly excluded from the foregoing provisions (collectively, the "Excluded Property"), all inventory together with the following property of mortgagor related to inventory: cash, movables not located and used in storing or handling grain on the Land, accounts receivable, chattel paper, deposit accounts, documents, farm products, books, grain inventory, motor vehicles, tort claims not related to loss of property covered by this mortgage and the like, but excepted from this "Excluded Property" are immovable and/or fixtures, improvements, component parts, extensions, betterments, attachments, renewals, renovations, bins, silos, grain elevators and any other structure used or installed on this real property for purposes of storage grain, substitutions and replacements, and all additions and appurtenances to the security, insurance proceeds for loss of Mortgagee's security and operational software used at the facilities located on the Real Property

Except as specifically amended herein and except for the said Amendments, the Mortgage shall remain in full force and effect as originally executed. This Amendment shall be binding on the successors and assigns of the parties hereto.

This Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

This Amendment shall be governed by, and construed in accordance with, the laws of the State of Louisiana (without giving effect to any conflicts of law principles).

This Amendment represents the final agreement between Borrower and the Mortgagee as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

The Clerk of Court of West Carroll and Morehouse Parishes, Louisiana is authorized to note this Amendment in the margin of the above described document when filed of records in West Carroll and Morehouse Parishes; and this Amendment shall be given retroactive effect to the date of the above described instruments which it does correct.

[THE BELOW SPACE IS INTENTIONALLY LEFT BLANK]

548

THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the 3rd day of _December_, A.D., 2015, at my office in West Carroll Parish, Louisiana, after due reading of the whole.

WITNESSES:                                    MORTGAGEE:

_____                       _____
Barbie Smith                                   LARRY TUBBS

_____                       TUBBS RICE **DRYERS, INC.**
Erline W. Vickery
                                               BY: _____

                                               CHIEF VENTURES, L.L.C.

                                               BY: _____
                                                   LARRY TUBBS, MANAGER

                                               BIG RIVER GRAIN, LLC.

                                               BY: _____
                                                   LARRY TUBBS, MANAGER

                        _____
                        NOTARY PUBLIC

DONALD K. CARROLL
Bar # 3897 / Notary Public # 39095
State of Louisiana
My Commission Expires: At Death

549

THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the ⊥ day of December, A.D., 2015, at my office in Johnson County, Kansas , after due reading of the whole.

WITNESSES:

Signature _____
Printed name: Jennifer Mick

Signature _____
Printed name: Mary Eskew

BORROWER:

AGSPRING MISSISSIPPI REGION, LLC., a Delaware limited liability company

BY: _____
Name: BRAD CLARK
Title: PRESIDENT

Jennifer Ann Trupka
NOTARY PUBLIC

JENNIFER ANN TRUPKA
My Appointment Expires
April 26, 2016

## EXHIBIT A
## PARCELS I, II, AND III BELOW

PARCEL I:

A LEGAL DESCRIPTION OF A 11.343 ACRE TRACT
FOR AGSPRING MISSISSIPPI REGION, LLC SITUATED IN
SECTIONS 24 & 25, T 19 N, R 10 E
EAST CARROLL PARISH, LOUISIANA

Commencing from a found cotton spindle at the point of intersection of the centerline of Louisiana Highway 580 with the centerline of Louisiana Highway 577; thence, North 02°00'45" West along the centerline of Louisiana Highway 577, a distance of 71.63' to a point; thence, South 89°15'00" West, a distance of 25.01' to a set 5/8" rebar with plastic cap on the West right of way of Louisiana Highway 577 and the POINT OF BEGINNING; thence, South 09°56'28" West along the said West right of way, a distance of 72.36' to a set 5/8" rebar with plastic cap; thence, South 01°21'11" E along the said West right of way, a distance of 1030.83' to a point near the centerline of Parish Road 7748; thence, North 73°19'00" West along the said centerline, a distance of 339.63' to a point; thence, North 01°34'59" West along the East edge of a concrete ditch, a distance of 594.95' to a set 5/8" rebar with plastic cap; thence, North 89°16'00" West, a distance of 318.04' to a set 5/8" rebar with plastic cap on the approximate high bank of Bayou Macon; thence, North 35°17'09" East along the said high bank, a distance of 331.36' to a point; thence, North 54°35'46" East along the said high bank, a distance of 241.72' to a point; thence, North 22°13'04" East along the said high bank, a distance of 228.08' to a set 5/8" rebar with plastic cap; thence, North 05°05'42" East along the said high bank, a distance of 290.04' to a set 5/8" rebar with plastic cap; thence, North 54°48'12" East, a distance of 97.47' to a set 5/8" rebar with plastic cap on the West right of way of Louisiana Highway 577 and a curve to the right whose radius is 1157.65', whose chord bears South 09°56'27" East for a chord distance of 348.13', a arc length of 349.45' to a point; thence, South 02°00'45" East along the said West right of way, a distance of 218.44' back to a set 5/8" rebar with plastic cap and the POINT OF BEGINNING and containing 11.343 acres more or less.

PARCEL II:

A LEGAL DESCRIPTION OF A 29.419 ACRE TRACT FOR
AGSPRING MISSISSIPPI REGION, LLC
SITUATED IN SECTION 25, T 19 N, R 10 E
EAST CARROLL PARISH, LOUISIANA

Commencing from a found cotton spindle at the point of intersection of the centerline of Louisiana Highway 580 with the centerline of Louisiana Highway 577; thence, South 01°21'11" East along the centerline of Louisiana Highway 577, a distance of 1169.03' to a PK nail; thence, South 01°24'06" East along the said highway centerline, a distance of 636.76' to a point on a curve to the right whose radius is 2573.64', whose chord bears South 05°06'33" West for a chord length of 498.64', an arc length of 499.42' to a point; thence, North 79°19'54" West, a distance of 40.08' to a set 5/8" rebar with plastic cap on the West right of way of Louisiana Highway 577 and the POINT OF BEGINNING and being a curve to the right whose radius is 2532.84', whose chord bears South 11°28'31" West for a chord length of 54.97', an arc length of 54.97' to a set 5/8" rebar with plastic cap; thence, North 84°38'44" West, a distance of 596.78' of which a portion being along and parallel to the 8' wide x 4' deep ditch to a set 5/8" rebar with plastic cap; thence, South 03°15'16" West along the said ditch, a distance of 426.96' to a point; thence, North 86°09'48" West along old hogwire fence and large tree line, a distance of 797.78' to a set 5/8" rebar with plastic cap; thence North 00°30'20" West along the old hogwire fence, a distance of 1172.54' to a point on the centerline of Parish Road 7748; thence, North 46°03'20" East along the said centerline, a distance of 471.47' to a point; thence, South 44°09'58" East along a 2' wide x 1' deep ditch, a distance of 1573.36' back to a set 5/8" rebar with plastic cap and the POINT OF BEGINNING and containing 29.419 acres more or less.

NO:0104474/00001:16753Bv4

17

208

PARCEL III

A LEGAL DESCRIPTION OF A 66.988 ACRE TRACT
(LESS AND EXCEPT A 1.892 ACRE TRACT) FOR
AGSPRING MISSISSIPPI REGION, LLC
SITUATED IN SECTION 25, T 19 N, R 10 E
SECTION 30, T 19 N, R 11 E
EAST CARROLL PARISH, LOUISIANA

Commencing from the N.W. corner of Section 30, Township 19 North, Range 11 East in East Carroll Parish, Louisiana; thence, North 89°56'30" East along the said North line of said section, a distance of 661.01' to a point; thence, South 00°35'19" East, a distance of 39.01' to a set 5/8" rebar with plastic cap on the South right of way of Louisiana Highway 580 and being the POINT OF BEGINNING; thence, South 00°35'19" East, a distance of 2677.10' to a point; thence, South 89°34'29" West, a distance of 660.85' to a point; thence, North 00°35'29" West, a distance of 91.74' to a point; thence, North 87°00'16" West, a distance of 406.63' to a set 5/8" rebar with plastic cap; thence, North 16°10'06" East, a distance of 104.99' to a set 5/8" rebar with plastic cap; thence, North 87°00'16" West, a distance of 420.41' to a set 5/8" rebar with plastic cap on the East right of way of Louisiana Highway 577 and being on a curve to the left whose radius is 2612.84', whose chord bears North 07°05'09" East for a chord distance of 685.34', a arc length of 687.32' to a set 5/8" rebar with plastic cap; thence, leaving the right of way South 89°42'11" East, a distance of 1014.17' to a set 5/8" rebar with plastic cap; thence, North 00°35'29" West, a distance of 668.05' to a set 5/8" rebar with plastic cap; thence, South 88°35'54" West, a distance of 1022.36' to a 5/8" rebar with plastic cap on the East right of way of Louisiana Highway 577; thence, North 01°21'11" West along the said right of way, a distance of 1127.12' to a set 5/8" rebar with plastic cap intersecting the South right of way of Louisiana Highway 580; thence, North 89°56'30" East along the said South right of way, a distance of 300.36' to a set 5/8" rebar with plastic cap; thence leaving the South right of way South 00°34'00" East, a distance of 80.00' to a set 5/8" rebar with plastic cap; thence North 89°56'30" East, a distance of 75.00' to a set 5/8" rebar with plastic cap; thence, North 00°34'00" West, a distance of 80.00' to a set 5/8" rebar with plastic cap on the South right of way of Louisiana Highway 580; thence, North 89°56'30" East along the said South right of way, a distance of

209

1012.46' back to a set 5/8" rebar with plastic cap and the POINT OF BEGINNING and containing 66.988 acres more or less,

LESS AND EXCEPT THE FOLLOWING:

A parcel of land located in Section 25, T 19 N, R 10 E, East Carroll Parish, Louisiana, more particularly described as follows: Commencing from a found cotton spindle at the intersection of the centerline of La. State Hwy. 580 and the centerline of La. State Hwy. 577; thence, run South 01°21'11" East, along with the centerline of La. State Hwy. 577, for a distance of 1169.03' to a pk nail in the center of the said highway; thence, run North 88°35'54" East, a distance of 40' to a 5/8" rebar with plastic cap on the East right of way of La. State Hwy. 577 and being the POINT OF BEGINNING; thence, run North 01°21'11" West, along and with the East boundary of La. State Hwy. 577 approximately 88' to a point in the center of a drainage ditch or canal; thence, run Easterly along and with the center of said ditch or canal to a point on the West boundary line of that 22.0577 acres, more or less, acquired from James J. Schneider by Monticello Gin System, Inc. in deed recorded in Conveyance Book 127, Page 580 of the records of East Carroll Parish, Louisiana; thence run South 00°35'29" East, to a point which is North 88°35'54" East, of the POINT OF BEGINNING; thence, run South 88°35'54" West, along and with the North boundary line of that 5 acre tract acquired by Crop Production Services, Inc. to the POINT OF BEGINNING and containing 1.892 acres, more or less.

SUBJECT TO existing rights of way for public roads, drainage and utilities.

All as more fully shown on the Survey of Denmon Engineering, Inc. dated June 10, 2013 attached hereto and made a part hereof.

NO:0104474/00001:16753Bv4

19

210



NO:0104474/00001:167538v4

211

**EXHIBIT B**
**TO**
**MORTGAGE AND SECURITY AGREEMENT**

Permitted Exceptions

Subject to the Exceptions to Title specified in that certain Act of Cash Sale by Monticello Gin & Elevator Co., Inc., a Louisiana corporation, Monticello Gin System, Inc., a Louisiana corporation, and Raley Transport, Inc., a Louisiana corporation in favor of Agspring Mississippi Region, LLC, a Delaware limited liability company, dated on June 21, 2013, but effective June 26, 2013 and recorded June 28, 2013, in Register 88825, Book 170, Page 333, East Carroll Parish, Louisiana.

NO:0104474/00001:167538v4

21

2|2

State of Louisiana    REGISTER
Parish of East Carroll    No. 90613

Filed: DEC - 3 2015    at 3:15 PM

Conveyance Book_____ Page_____

Mortgage Book 223    Page 229

*Dathene R. Carter*

Clerk and Ex-Officio Recorder

## AMENDMENT OF MORTGAGE

BE IT KNOWN that on this day before me, Notary in and for the Parish of West Carroll, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared: AGSPRING MISSISSIPPI REGION, LLC., a Delaware limited liability company (the *"Borrower"*) and LARRY TUBBS, an individual, TUBBS RICE DRYERS, INC., a Louisiana corporation, CHIEF VENTURES, L.L.C., a Louisiana limited liability company, and BIG RIVER GRAIN, LLC., a Louisiana limited liability company (individually or collectively the *"Mortgagee"*).

This AMENDMENT OF MORTGAGE, ("Amendment") is dated and made effective as of February 1, 2014.

WHEREAS, Borrower granted to the Mortgagee that certain Mortgage, Security Agreement and Assignment of Leases and Rents recorded February 11, 2014, in Mortgage Book 220, Page 192, under Date Register No. 89267 of the records of East Carroll Parish, Louisiana, (the "Mortgage").

WHEREAS, an uncertainty appeared in "Excluded Property in the last paragraph of Page 3 of the above described mortgage. This should be deleted and replaced.

NOW, THEREFORE, Borrower and the Mortgagee agree to amend the Mortgage on the last paragraph of Page 3 to substitute in its place the following:

> Notwithstanding the foregoing, or any provision to the contrary contained herein, all of the following personal properties of Mortgagor are expressly excluded from the foregoing provisions (collectively, the **"Excluded Property"**), all inventory together with the following property of mortgagor related to inventory: cash, movables not located and used in storing or handling grain on the Land, accounts receivable, chattel paper, deposit accounts, documents, farm products, books, grain inventory, motor vehicles, tort claims not related to loss of property covered by this mortgage and the like, but excepted from this "Excluded Property" are immovable and/or fixtures, improvements, component parts, extensions, betterments, attachments, renewals, renovations, bins, silos, grain elevators and any other structure used or installed on this real property for purposes of storage grain, substitutions and replacements, and all additions and appurtenances to the security, insurance proceeds for loss of Mortgagee's security and operational software used at the facilities located on the Real Property.

Except as specifically amended herein and except for the said Amendment, the Mortgage shall remain in full force and effect as originally executed. This Amendment shall be binding on the successors and assigns of the parties hereto.



EXHIBIT
S

229

This Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

This Amendment shall be governed by, and construed in accordance with, the laws of the State of Louisiana (without giving effect to any conflicts of law principles).

This Amendment represents the final agreement between Borrower and the Mortgagee as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties.  There are no unwritten oral agreements between the parties.

The Clerk of Court of East Carroll Parish, Louisiana is authorized to note this Amendment in the margin of the above described document when filed of records in East Carroll Parish, Louisiana; and this Amendment shall be given retroactive effect to the date of the above described instruments which it does correct.

THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the 3ʳᵈ day of _____December_____, A.D., 2015, at my office in West Carroll Parish, Louisiana, after due reading of the whole.

WITNESSES:                                    MORTGAGEE:

_____                       _____
Barbie Smith                                  LARRY TUBBS

_____                       TUBBS RICE DRYERS, INC.
Erline W. Vickery                             BY: _____

                                              CHIEF VENTURES, L.L.C.
                                              BY: _____
                                                  LARRY TUBBS, MANAGER

                                              BIG RIVER GRAIN, LLC.
                                              BY: _____
                                                  LARRY TUBBS, MANAGER

_____
NOTARY PUBLIC

DONALD K. CARROLL
Bar # 3897/Notary Public # 39095
State of Louisiana
My Commission Expires: At Death

SEAL

230



A TRUE COPY ATTEST:
DEPUTY CLERK OF COURT
PARISH OF EAST CARROLL

SEAL

STATE OF _Kansas_
COUNTY OF _Johnson_

      THUS DONE AND PASSED before me, notary and the two undersigned competent witnesses, on this the _1_ day of December, A.D., 2015, at my office in the county of _Johnson_, State of _Kansas_, after due reading of the whole.

WITNESSES:

Signature _[signature]_
Printed name _Jennifer Mick_

Signature _[signature]_
Printed name _Luanne Born_

BORROWER:

AGSPRING MISSISSIPPI REGION, LLC., a
Delaware limited liability company

BY: _[signature]_ 
Name: _BRAD CLARK_

Title: _PRESIDENT_

_[signature]_
NOTARY PUBLIC

JENNIFER ANN TRUPKA
My Appointment Expires
April 26, 2018

231