## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1] | Case No. 21-11238 (CTG) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. __287__ |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NEUNERPATE AS LOUISIANA LOCAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order authorizing the Debtors' employment and retention of NeunerPate ("NeunerPate") as their Louisiana local counsel effective as of the Petition Date, pursuant to sections 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1; and the Coreil Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application, the Coreil Declaration; and the Court being satisfied based on the representations made in the Application and the Coreil Declaration that NeunerPate does not hold or represent any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which it is to be employed, as required by section

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

327(e) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Application appearing to be adequate and appropriate; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized to employ and retain NeunerPate as their Louisiana local counsel in accordance with the terms and conditions set forth in the Engagement Letter attached hereto as **Exhibit 1**, effective as of the Petition Date.

3.      NeunerPate is authorized to render legal services to the Debtors relating to various litigation matters during the pendency of the Chapter 11 Cases, as described in the Engagement Letter.  Specifically, NeunerPate is authorized to (i) provide strategic advice and services to the Debtors, in coordination with Dentons, PSZJ, and Faegre Drinker; and (ii) provide continued advice and services as Louisiana local counsel to Debtors, including with respect to state and federal court litigation and other legal matters.

4.      NeunerPate shall apply for compensation for professional services rendered, and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of the Court, including but not limited to that certain *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief*.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.      Upon its entry, the terms and conditions of this Order shall be immediately effective and enforceable.

7.      The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 25th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**