# EXHIBIT 1

**Engagement Letter**



# NEUNERPATE
ATTORNEYS AT LAW

One Petroleum Center
1001 West Pinhook Road, Suite 200
Lafayette, Louisiana 70503

P: 337 237 7000
F: 337 233 9450

FRANK X. NEUNER, JR.*
JAMES L. PATE
BEN L. MAYEAUX
ROBERT E. TORIAN
JAMES D. HOLLIER
KEVIN P. MERCHANT
JENNIE P. PELLEGRIN
BRANDON W. LETULIER
JASON T. REED
JEREMY N. MORROW
JED M. MESTAYER
PHILIP H. BOUDREAUX, JR.
CLIFF A. LaCOUR
JEFFREY K. COREIL
DEAN A. COLE
KENNETH W. JONES, JR.
JENNIFER M. ARDOIN
CAROLYN C. COLE
NICHOLAS G. JONES
QUINCY L. MOUTON
PHILLIP M. SMITH
B. LANCE PERSON
SARAH F. BROWN
ELIZABETH B. BLOCH
TAYLOR C. GRANGER
CHRISTOPHER B. ORTTE

NEW ORLEANS OFFICE

601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130

P: 504 309 6090

*ALSO ADMITTED IN TEXAS

December 31, 2019

**ATTORNEY-CLIENT PRIVILEGED**
**WORK PRODUCT IMMUNITY**

Mr. Jacob D. Bylund
Faegre Baker Daniels LLP
801 Grand Ave. – 33rd Floor
Des Moines, IA 50309-8003

RE: *Larry Tubbs, et al v. Agspring Mississippi Region, LLC, et al*
Docket No. 19-198-B, 6th JDC
Parish of Madison, Louisiana
Our File: 21694

Dear Jacob:

We are pleased to welcome the following companies/individuals as a clients of NeunerPate: Agspring Holdco, LLC, Agspring, LLC, Agspring Mississippi Region, LLC, Lake Providence Grain & Rice, LLC, Mark Beemer, Bruce Chapin, and Eric Knight (the "Clients"). We also appreciate the opportunity to act as legal counsel for the Clients in the above-referenced matter. The purpose of this letter is to confirm the basic terms of our engagement in this and any future matters which may be referred to our office.

I. **SCOPE OF SERVICES.**

The Clients have requested that we represent their interests in the referenced litigation. The scope of our engagement may change if you or the Clients ask us to provide different or additional services and we expressly agree to provide them. If our engagement changes, the terms set out in this letter will apply to the expanded engagement, unless we enter into a further agreement modifying or superseding this one.

We understand that you, Jacob Bylund, will be the primary person with whom we will communicate regarding the Clients and the subject matter of our representation. Please advise if there are additional persons with whom we should communicate.

Mr. Jacob Bylund
December 31, 2019
Page 2

## II.     STAFFING.

I will be the partner responsible for overall supervision of the legal services provided to you and the Clients with assistance, if and when necessary, from partners, associates, and/or legal assistants.

My direct dial number is (337) 272-0375. You should never hesitate to contact me and I will endeavor to be available to you as often as you require. My cell phone number is (337) 831-1377.

I may call upon others within our firm to assist in representing the Clients when the circumstances of the engagement require or when the talents of a particular individual can be beneficially applied in furtherance of the Clients' goals. I make all staffing decisions with an eye toward efficiency. As with all aspects of our relationship, we would be pleased to discuss or revisit these issues with you at any time.

## III.    BILLING PROCEDURES.

We charge for legal services based upon hourly rates established for each of our attorneys and other professionals and the time they spend on legal matters. We have attached a copy of our Statement of Policy Regarding Legal fees for your and the Clients' review.

My hourly rate for this matter will be $275. The current rates for others in our Firm who may provide assistance or consultation on our behalf range from $225 per hour for our newer associates to $350 per hour for some of our most senior and experienced partners. Our hourly rate for legal assistants/paralegals is $150.

We submit legal bills on a monthly basis. Our bills are due and payable upon receipt and become past due after 30 days. It is our experience that our Firm and our clients both benefit when bills are promptly rendered, any questions about bills are promptly raised, and payment is then promptly made. If you or the Clients have any questions or concerns about the form in which your bills are presented, please raise them immediately.

The firm has agreed to waive the need for a retainer. However, should issues arise in the future with timely payment of invoices, the firm reserves the right to request a retainer to continue with representation.

To facilitate prompt payment, bills will be rendered directly to you. However, our policy with regard to litigation matters is to withdraw from the engagement/representation of a client whose account is more than sixty (60) days past due.

By signature below you and/or the Clients indicate and acknowledge that you fully understand that our policy is not to finance legal services and expenses and that all statements received from this firm shall be due and payable upon receipt. By pre-arrangement in writing the foregoing policy may be modified. By indicating approval and acceptance below, you and/or the

Clients acknowledge that the firm reserves the right to charge interest on the unpaid balance of any statement from and after 60 days of the date of that statement at the rate of 9% per annum simple interest. The signature(s) below further indicate an agreement to pay said interest in addition to the full amount of the account balance. Further, the signature(s) acknowledge(s) that you and/or the Clients understand that the charges of interest on the account balance in arrears, should the firm choose to do so, does not constitute any waiver on the part of the firm to bring such action as is necessary to collect the account balance at any time that it becomes in arrears.

IV.    REIMBURSEMENT OF COSTS.

In addition to legal fees, the Clients will be responsible to pay for disbursements and certain other expenses incurred as a result of our engagement. We know that clients are concerned about reimbursable expenses, and we recognize, and take seriously, our obligation to control these costs.

For some disbursements, the Clients will not be charged. These include costs of normal secretarial assistance, local telephone calls, and use of conference rooms. The Clients will be charged for expenses we incur on their behalf for such items as filing fees, long distance telephone charges, courier charges, travel expenses of attorneys and other disbursements customarily charged to our clients. These expenses will include photocopying charges and fax charges. Our policy is that any third-party expenses in excess of $100 will be forwarded to you for direct payment to the provider of the services.

### ARBITRATION IN THE EVENT OF DISPUTE

If at any point during the representation, or upon termination of the representation, a dispute over the amount owed to the firm for fees and expenses develops, the firm, you, and the Clients agree to submit the dispute to binding arbitration through the Louisiana State Bar Association Lawyer Fee Dispute Resolution Program. More information on the program can be obtained by reviewing www.lsba.com.

V.    TERMINATION OF REPRESENTATION.

Unless previously terminated, our representation will terminate upon our sending you our final statement for services rendered in this matter. Following such termination, any otherwise non-public information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

Mr. Jacob Bylund<br>
December 31, 2019<br>
Page 4

The firm may withdraw from the representation of the Clients at anytime, consistent with ABA Model Rule of Professional Conduct Rule 1.16. The Clients also have the right to discharge the firm at any time, with or without cause, but the firm will be entitled to be paid for all legal services and expenses rendered up to the time of termination. If, at the time of termination, a balance is owed to the firm for fees and expenses, it is agreed that the firm may apply to the outstanding balance any funds being held in trust for the Clients up to the amount owed to the firm. The remaining funds held in trust, if any, will then be returned to the Clients.

## VI. VIRUS PROTECTION.

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you and/or the Clients using commercially available software. Please review the attached Statement of Policy on Electronic Transmission of Documents.

## VII. SIGNATURE.

While we would prefer to confirm the terms of our engagement by a less formal method, the Firm is required to memorialize the terms of our engagement in writing. We do request that you and the Clients review this letter carefully and, if it is consistent with your understanding of our respective responsibilities, please return a signed copy to me at your earliest convenience. We recommend the Clients keep a copy of this letter in their records.

We are looking forward to working with you. Please do not hesitate to call me if you have any questions concerning anything outlined in this letter or any other aspect of our engagement.

Sincerely,

Jeffrey K. Coreil

Enclosures

December 31, 2019 Engagement Letter ACKNOWLEDGED AND AGREED TO:

By: _____

Print Name: _____Jacob D. Bylund_____

With authority and on behalf of: Agspring Holdco, LLC, Agspring, LLC, Agspring Mississippi Region, LLC, Lake Providence Grain & Rice, LLC, Mark Beemer, Bruce Chapin, and Eric Knight

Date: __Jan 2 2020__

Mr. Jacob Bylund<br>
December 31, 2019<br>
Page 5

December 31, 2019

## STATEMENT OF POLICY REGARDING LEGAL FEES

It is very important that each Client have a clear understanding regarding the various criteria used in determining the legal fees which are charged for services rendered. A full and frank discussion of fees at the time we are employed will enable us to fully explain the scope of services to be rendered, and will permit each Client to have a thorough understanding of the range of costs likely to be involved in the undertaking. Representation of the Client must be evidenced by a standard Letter Agreement regarding services to be performed, with specific details of the employment set forth in that Letter Agreement.

The rendition of legal services is a professional undertaking which involves far more than a normal commercial transaction. Each Client has a special, individual need for services which requires a confidential relationship and a total commitment of the firm's resources. It has always been the policy of this firm to give each Client individual attention, to provide competent work on every legal problem presented, and to complete that work as promptly as possible.

It is of primary importance to understand that each Client is paying for the performance of legal services to represent that Client's particular needs. This unique relationship is personal to each Client and requires complete cooperation and confidence between the attorney and the Client.

### I.  Standard Fee Arrangement

While there are many different criteria involved in determining the charges made for legal representation, the following factors generally apply in all cases:

- The time expended by each attorney to perform the legal services;
- The complexity of the factual and legal issues involved and the skill required to provide proper representation;
- The total resources of the firm required to be committed to meet the Client's immediate needs even to the preclusion of accepting other engagements;
- The magnitude and professional responsibility for the results achieved for the Client;
- The length of the Client's relationship with the firm; and
- Customary fees for similar legal services.

### II. Fixed and Contingent Fees

It is the policy of the firm not to quote fixed or contingent fees for any representation in the absence of a separately negotiated fee arrangement which is reduced to writing, signed by the Client and accepted by the firm.

### III.  Invoices for Services and Payment

The firm will provide the Client an itemized statement on a monthly basis, which will identify each legal activity and the time keeper performing the individual task. The total number of hours worked by each attorney and paralegal and the overall amount charged for the billing period will be recapped on the last page of the statement.

The Client is responsible for any reasonable and necessary disbursements arising from the requirements of the litigation. All disbursements to be reimbursed to the firm will be itemized on the statement by the date incurred. Documentation supporting all disbursements will be maintained by the firm and made available on request.

If at any point during the representation, or upon termination of the representation, there develops a dispute over the amount owed to the firm for fees and expenses, the firm and you agree to submit the dispute to binding arbitration through the Louisiana State Bar Association Lawyer Fee Dispute Resolution Program. More information on the program can be obtained by reviewing www.lsba.com.

### IV.  Payment Owed at Termination of Representation

If, at the time of termination, a balance is owed to the firm for fees and expenses, it is agreed that the firm may apply to the outstanding balance any funds being held in trust for the Client up to the amount owed to the firm. The remaining funds held in trust, if any, will then be returned to the Client.

**End.**

Mr. Jacob Bylund
December 31, 2019
Page 7

December 31, 2019

## STATEMENT OF POLICY ON ELECTRONIC TRANSMISSION OF DOCUMENTS

The technology community is occasionally victimized by the creation and dissemination of so-called viruses, or similar destructive electronic programs. We take the issues raised by these viruses seriously and have invested in document and e-mail scanning software that identifies and rejects files containing known viruses. We also update our system with the software vendor's most current releases at regular intervals.

By utilizing this virus scanning software, our system may occasionally reject a communication you send to us. We in turn may send you something that is rejected by your system. We believe this infrequent occurrence is to be expected as part of the ordinary course of business.

Because the virus protection industry is generally one or two steps behind new viruses, we cannot guarantee that our communications and documents will always be virus free. Occasionally, a virus will escape and go undetected as it is passed from system to system. Although we believe our virus protection measures are excellent, we can make no warranty that our documents will be virus free at all times.

Please inform us immediately in the event a virus enters your companies' systems via any electronic means originating from our Firm. Through cooperative efforts, we can minimize any disruption to our communications.

**End.**