**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1] | Case No. 21-11238 (CTG) |
| Debtors. | (Jointly Administered) |
| | **RE: D.I. 337** |

**Hearing Date: April 18, 2022 at 2:00 p.m. (ET)**
**Objection Deadline: April 11, 2022 at 4:00 p.m. (ET)**

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING INTERIM APPROVAL OF THE ADEQUACY OF DISCLOSURES IN THE COMBINED DISCLOSURE STATEMENT AND PLAN; (II) SCHEDULING A COMBINED CONFIRMATION HEARING AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

The above captioned debtors and debtors in possession (the "Debtors"), hereby move (the "Motion") the Court for the entry of an order substantially in the form attached hereto as **Exhibit E** (the "Proposed Order") (a) granting interim approval of the adequacy of disclosures (the "Disclosures") contained in the *Plan Proponents' Combined Disclosure Statement and Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 337] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Disclosure Statement and Plan"), (b) scheduling a final hearing (the "Combined Hearing") on final approval of the adequacy of Disclosures, combined with a hearing on confirmation of the Combined Disclosure Statement and Plan, and related deadlines; (c) approving the solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

of notices to non-voting classes; and (e) granting related relief as set forth in the Proposed Order. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3017-1, and 3017-2.

## BACKGROUND

### A.    Chapter 11 Cases

4.      On September 10, 2021, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases (the "<u>Cases</u>"), and no committees have been appointed or designated.

5.     A more detailed description of the Debtors' businesses and operations, and the events leading to the commencement of these Cases, is set forth in detail in the *Declaration of Kyle Sturgeon* [D.I. 19] and in the Combined Disclosure Statement and Plan.

6.     On December 13, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [D.I. 199] (the "<u>Bar Date Order</u>").  The Bar Date Order set the general bar date and the first administrative bar date as January 21, 2022 at 5:00 p.m. (ET), and the governmental bar date for March 10, 2022 at 5:00 p.m. (ET).

**B.     <u>The Combined Disclosure Statement and Plan</u>**

7.     Concurrently herewith, the Debtors and the Prepetition Term Lenders filed the Combined Disclosure Statement and Plan.  The Combined Disclosure Statement and Plan provides for, among other things, (i) the liquidation of the Debtors' remaining assets and (ii) the distribution of cash, property, or other rights to certain Holders[2] of Allowed Claims and Equity Interests in accordance with the priority scheme established by the Bankruptcy Code.

---

[2] Capitalized terms not defined herein shall have the same meanings provided to them in the Combined Disclosure Statement and Plan.

8.      If confirmed and consummated, the Combined Disclosure Statement and Plan will facilitate the orderly Wind-Up of the Debtors and provide for the distribution of all proceeds according to the Combined Disclosure Statement and Plan, before closing these Cases.

9.      Claims and Equity Interests are classified as follows:

### (i)      Bayou Grain & Chemical Corporation ("Bayou")

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 2 – Prepetition Bridge Lenders' Secured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 3 – General Unsecured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 4 – Equity Interests | Impaired | Entitled to Vote |

### (ii)      Lake Providence Grain and Rice LLC ("LakeProv")

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 2 – Prepetition Bridge Lenders' Secured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 3 – General Unsecured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 4 – Equity Interests | Impaired | Entitled to Vote |

### (iii)      Agspring MS, LLC ("AGMS")

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 2 – Prepetition Bridge Lenders' Secured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 3 – General Unsecured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 4 – Equity Interests | Impaired | Entitled to Vote |

DOCS_DE:238767.4

### (iv)    Agspring MS 1, LLC ("AGMS1")

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 2 – Prepetition Bridge Lenders' Secured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 3 – Prepetition Term Secured Parties' Secured Claims | Impaired | Entitled to Vote |
| Class 4 – General Unsecured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 5 – Equity Interests | Impaired | Deemed to Reject; Not Entitled to Vote |

### (v)    Agspring Mississippi Region LLC ("AMR")

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 2 – Prepetition Bridge Lenders' Secured Claims | Unimpaired | Deemed to Accept; Not Entitled to Vote |
| Class 3 – Prepetition Term Secured Parties' Secured Claims | Impaired | Entitled to Vote |
| Class 4 – Tubbs Parties' Secured Claims | Impaired | Entitled to Vote |
| Class 5 – Prepetition Term Secured Parties' Unsecured Deficiency Claims | Impaired | Entitled to Vote |
| Class 6 – Tubbs Parties' Unsecured Deficiency Claims | Impaired | Entitled to Vote |
| Class 7 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 8 – Equity Interests | Impaired | Deemed to Reject; Not Entitled to Vote |

10.     As shown above, the Combined Disclosure Statement and Plan presently provides for four different Classes of Claims and Equity Interests for Bayou, four different Classes of Claims and Interests for LakeProv, four different Classes of Claims and Equity Interests for AGMS, five different Classes of Claims and Equity Interests for AGMS1, and eight different Classes of Claims and Equity Interests for AMR.  Under the Combined Disclosure Statement and Plan, Claims in Bayou Class 4, LakeProv Class 4, AGMS Class 4, AGMS1 Classes 3 and 5, and

DOCS_DE:238767.4

AMR Classes 3, 4, 5, 6 and 7 (collectively, the "Voting Classes") are Impaired by the Combined Disclosure Statement and Plan, and such Holders are entitled to vote to reject or accept the Combined Disclosure Statement and Plan.  Claims in Bayou Classes 1, 2 and 3, LakeProv Classes 1, 2 and 3, AGMS Classes 1, 2 and 3, AGMS1 Classes 1, 2 and 4, and AMR Classes 1 and 2 (collectively, the "Unimpaired Classes") are Unimpaired by the Combined Disclosure Statement and Plan, and such holders are deemed to have accepted the Combined Disclosure Statement and Plan pursuant to § 1126(f) of the Bankruptcy Code and are therefore not entitled to vote on the Combined Disclosure Statement and Plan.  Holders of Equity Interests in AMR Class 8 (the "Deemed Rejecting Class") are Impaired, will not receive or retain any property under the Combined Disclosure Statement and Plan and such Holders are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and are therefore not entitled to vote on the Combined Disclosure Statement and Plan.

11.    In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan designates three categories of Claims that are entitled to receive Distributions under the Combined Disclosure Statement and Plan, but are not classified for purposes of voting to accept or reject the Combined Disclosure Statement and Plan.  These categories of Claims are (1) Administrative Claims, (2) Professional Fee Claims, and (3) Priority Tax Claims.

## **RELIEF REQUESTED**

12.    By this Motion, the Debtors request (i) interim approval of the adequacy of Disclosures solely to permit the Debtors to solicit the Combined Disclosure Statement and Plan, with final approval of the Disclosures combined with the hearing on confirmation of the Combined

Disclosure Statement and Plan (the "Combined Hearing") as contemplated by Local Rule 3017-2;

(ii) scheduling the Combined Hearing fixing other dates and deadlines related to solicitation and

confirmation of the Combined Disclosure Statement and Plan, as set forth in the proposed

confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures

with respect to confirmation of the Combined Disclosure Statement and Plan; (iv) approving the

form of the ballots and notices in connection therewith; and (v) granting other related relief.

13.     A summary of the key dates the Debtors seeks to establish, subject to the Court's

availability, are as follows:

| PROPOSED TIMETABLE | |
| --- | --- |
| **Event** | **Date** |
| Hearing on this Motion | April 18, 2022 @ 2:00 p.m. (ET) |
| Voting Record Date | April 18, 2022 |
| Deadline to Mail Solicitation Packages | April 20, 2022 |
| Deadline to File 3018 Motions | May 6, 2022 @ 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | May 12, 2022 @ 4:00 p.m. (ET) |
| Voting Deadline | May 19, 2022 @ 4:00 p.m. (ET) |
| Deadline to file and serve Objections to 3018 Motions | May 18, 2022 @ 4:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | May 20, 2022 @ 4:00 p.m. (ET) |
| Deadline to file (1) Voting Certification and (2) Confirmation Brief | May 24, 2022 @ 4:00 p.m. (ET) |
| Deadline to file a reply to any objection | May 24, 2022 @ 4:00 p.m. (ET) |

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Combined Hearing on final approval of Disclosures and Confirmation of the Combined Disclosure Statement and Plan | May 27, 2022 @ 10:00 a.m. (ET) |

## BASIS FOR RELIEF REQUESTED

### A.    Combined Hearing

14.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[3]

15.    Local Rule 3017-2(a) applies "to all cases arising under chapter 11 of the Code where a plan proponent is seeking Court permission to have combined hearings on approval of a disclosure statement and confirmation of a plan . . . ." Local Rule 3017-2(b) recognizes that a plan proponent may combine a disclosure statement with a plan and that a combined plan proponent may file a motion seeking "interim approval of the disclosure statement," "approval of solicitation procedures," and "scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case

---

[3] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

DOCS_DE:238767.4

is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Pursuant to this authority, courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See, e.g.*, *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Aug. 10, 2021); *In re Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del. Mar. 3l, 2015).

16.    Consistent with the foregoing authority, the Debtors respectfully request that the Court consolidate its approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **May 27, 2022 at 10:00 a.m.** (prevailing Eastern Time). A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Combined Disclosure Statement and Plan. Accordingly, the Combined Hearing will spare the Debtors the additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

B.    **Request for Interim Approval of the Disclosures**

17.    As noted above, the Debtors intend to seek final approval of the Disclosures at the Combined Hearing.  By this Motion, the Debtors submit that the Disclosures contain adequate information.  Accordingly, the Debtors request that the Court (a) approve the adequacy of the Disclosures on an interim basis to permit the Debtors to use the Combined Disclosure Statement and Plan in the solicitation process as described herein and (b) approve the Disclosures on a final basis as part of the order confirming the Combined Disclosure Statement and Plan.

18.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors' books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtors, any successor to the Debtors, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

19.    The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.  *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th

Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

20.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

21.     Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation

omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

22.    Here, the Disclosures contain ample information to allow well informed judgments on the Combined Disclosure Statement and Plan.  Specifically, the Disclosures contain detailed information with respect to, among other things: (a) the Debtors' business and prepetition capital structure; (b) the relevant events and circumstances preceding these Cases; (c) the major events during the administration of these Cases, including the Debtors' sale of their "Big River" assets and developments regarding the potential sale of remaining property; (d) the key terms of the Combined Disclosure Statement and Plan; (e) estimates of the anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the Combined Disclosure Statement and Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code; (h) risk factors that may affect the Combined Plan; and (i) the existence of federal tax consequences of the Combined Disclosure Statement and Plan for which creditors should seek independent counsel.  *See, In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Notably, disclosure regarding all conceivable topics is not necessary in every case.  *U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

23.    Thus, the Debtors respectfully submit that the Disclosures contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Accordingly, the Court should authorize the Debtors to use the Combined Disclosure Statement and Plan during the

solicitation period, subject to objections, and approve the Disclosures on a final basis at the Combined Hearing.

24.     The procedures described herein (the "<u>Solicitation Procedures</u>") provide for solicitation of the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2, and ensure that creditors and parties in interest will have sufficient time to review the Combined Disclosure Statement and Plan and file objections thereto in advance of the Combined Hearing. The Debtors will consider all requests to make reasonable changes to the Combined Disclosure Statement and Plan in advance of the hearing on this Motion.

**C.      <u>Scheduling the Confirmation Hearing and Setting Objection Deadline</u>**

25.     Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set a hearing to consider confirmation of the Combined Disclosure Statement and Plan.  Pursuant to Local Rule 3017-2, the Debtors request a single combined hearing (*i.e.*, the Combined Hearing), to seek the Court's final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan. *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).

26.     The Debtors respectfully request that the Court (a) set the Combined Hearing for **May 27, 2022 at 10:00 a.m**. (prevailing Eastern Time) and (b) set **May 20, 2022 at 4:00 p.m.** (prevailing Eastern Time) as the time by which any objections to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan must be filed (the "<u>Objection Deadline</u>").

DOCS_DE:238767.4

27.     The Debtors request that the Court require that any objection to confirmation of the Combined Disclosure Statement and Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection, and the specific grounds of the objection.  Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel to the Debtors, (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA  90017 (Attn: Samuel Maizel (samuel.maizel@dentons.com), Tania M. Moyron (tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com)), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) counsel to the Debtors' Prepetition Term Lenders, (a) Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202-4003 (Attn: Zachary H. Smith (zacharysmith@mvalaw.com), Stephen E. Gruendel (stevegruendel@mvalaw.com) and Gabriel L. Mathless (gabrielmathless@mvalaw.com)), and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Jason M. Madron, Esq. (madron@rlf.com)); and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov)).

28.     The Debtors believe that the proposed timing for filing and service of Plan Objections and proposed modifications, if any, will afford the Court, the Debtors, and other parties in interest sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

D.    **Approval of Form and Manner of Notice of Combined Hearing**

29.    The Debtors request approval of the notice of the Combined Hearing substantially in the form of **Exhibit A** annexed hereto (the "Combined Hearing Notice").

30.    The Debtors propose to set **April 18, 2022** as the record date for purposes of determining which Holders of Claims and Equity Interests are potentially entitled to vote to accept or reject the Combined Disclosure Statement and Plan for purposes of serving the Combined Hearing Notice.  Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains: (i) the Court's interim approval of the adequacy of Disclosures; (ii) the deadline for voting on the Combined Disclosure Statement and Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing Plan Objections; (iv) the deadline for filing Administrative Claims set forth in the Combined Disclosure Statement and Plan; and (v) directions on how to obtain copies of those documents upon request by any parties in interest.  As required by Local Rule 3017-2 (b)(iv), the Debtors certify that notice of the deadline to object to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan will comply with the Bankruptcy Rule 2002(b), and that the date of the Combined Hearing shall not be less than seven (7) days after such objection deadline (unless otherwise ordered by the Court.)

31.    The Combined Hearing Notice will be served upon: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtors' known creditors on their creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the Holders of Equity Interests; and (e) any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

DOCS_DE:238767.4

## SOLICITATION AND VOTING PROCEDURES

32.     As described above, the Debtors intend to distribute the Combined Disclosure Statement and Plan and solicit votes thereon prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and Equity Interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate."  As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules, the Local Rules and the Bankruptcy Code.

A.     **Solicitation Package**

33.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement.  In accordance therewith, the Debtors propose that Pachulski Stang Ziehl & Jones LLP (the "Voting Agent") transmit or cause to be transmitted by first class mail to parties entitled to vote on the Combined Disclosure Statement and Plan (the "Voting Parties") a package containing: (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan (either by paper copy or in "PDF" format on a CDROM, at the Debtors' and Voting Agent's discretion); (c) a ballot, substantially in one of the forms annexed hereto as **Exhibit D** (the "Ballots"), as applicable; (d) a pre-addressed, return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package").  The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

16

34.     Pursuant to section 1126(f) of the Bankruptcy Code, Unimpaired Creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required."  11 U.S.C. § 1126(f).  Accordingly, the Debtors submit that they need not transmit a Solicitation Package to Holders of Claims in the Unimpaired Classes who are Unimpaired and deemed to have accepted the Combined Disclosure Statement and Plan.

35.     Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests."  11 U.S.C. § 1126(g).  Therefore, the Debtors submit that they need not transmit Solicitation Packages to Holders of Claims and Equity Interests in any Class that will not receive any distribution or retain property under the Combined Disclosure Statement and Plan and are deemed to have rejected the Combined Disclosure Statement and Plan.

36.     The Debtors propose to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes and the Deemed Rejecting Class (together, the "Non-Voting Classes"), at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as **Exhibits B and C** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes; (b) summary of the treatment of Claims and Equity Interests under the Combined Disclosure Statement and Plan; (c) the date and time of the Combined Hearing; (d) the deadline and procedures for filing Plan Objections; and (iv) the deadline for filing Administrative Claims set forth in the Combined Disclosure Statement and Plan. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Combined Disclosure Statement and Plan free of charge from the Voting Agent.  The Non-Voting Notices

17

contain all of the required information with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtors seek direction to send only the Non-Voting Notices to Holders of Claims in the Non-Voting Classes.

37.     As indicated above, upon conditional approval of the Disclosures, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package or (b) a Non-Voting Notice.

**B.     Ballots and Voting**

38.     The Debtors propose that the Court establish **April 18, 2022** as the record date (the "Voting Record Date") for the purposes of determining (a) which Creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Combined Disclosure Statement and Plan, subject to the disallowance of such Creditors' Claims for voting purposes as set forth herein, or (b) the Holders of Claims and Equity Interests entitled to receive the Non-Voting Notice.[4]

39.     The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

40.     The Debtors additionally request that Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **May 6, 2022 at 4:00 p.m. (ET)**.  The deadline for any party in interest to object to a 3018 Motion shall be **May 18, 2022 at 4:00 p.m. (ET)**.  Any such 3018 Motion may also be

---

[4] The Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Combined Disclosure Statement and Plan.

DOCS_DE:238767.4

resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

**C.      Approval of Procedures for Vote Tabulation**

41.      The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

42.      Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two thirds in amount and more than one half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

43.      The Debtors request that the Court approve the vote tabulation methodology as more fully set forth in the voting instructions on the Ballots utilized by the Debtors.  The Debtors will not count or consider for any purpose in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received after the Voting Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote on the Combined Disclosure Statement and Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Combined Disclosure Statement and Plan, or marked both to accept and reject the

Combined Plan; (f) any Ballot that was not accompanied by an original signature; and (g) any Ballot submitted by a party not entitled to cast a vote with respect to the Combined Disclosure Statement and Plan.

## WAIVER OF BANKRUPTCY RULE 6004(a)

44.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

## NOTICE

45.    Notice of this Motion will be given to the following parties, or their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Debtors' prepetition and postpetition secured lenders; (c) the Debtors' twenty largest unsecured creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit E**, and grant such other and further relief as this Court deems just and proper.

DOCS_DE:238767.4

Dated: March 28, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/   Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com
         mcaloway@pszjlaw.com

and

DENTONS US LLP
Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email:  Samuel.maizel@dentons.com
         Tania.Moyron@dentons.com

and

DENTONS US LLP
David F. Cook
1900 K. Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Email:   david.f.cook@dentons.com

*Counsel to the Debtors and Debtors in Possession*