**<u>EXHIBIT B</u>**

**Form of Non-Voting Parties Notice (Presumed to Accept)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING MISSISSIPPI REGION, LLC, *et al.*,[1] | Case No. 21-11238 (CTG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NON-IMPAIRMENT, (II) INTERIM APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF THE COMBINED PLAN, (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE COMBINED PLAN, AND (V) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE COMBINED PLAN**

To:    Holders of: (i) Administrative Claims; (ii) Priority Tax Claims; (iii) Bayou Classes 1, 2 and 3 Claims; (iv) LakeProv Classes 1, 2 and 3 Claims; AGMS Classes 1, 2 and 3 Claims; AGMS1 Classes 1, 2 and 4 Claims; and AMR Classes 1 and 2 Claims.

**PLEASE TAKE NOTICE THAT:**

1.    On September 10, 2021 (the "<u>Petition Date</u>"), the above captioned debtors and debtors in possession (the "<u>Debtors</u>") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and these cases, including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these cases, are set forth in the *Declaration of Kyle Sturgeon* [D.I. 19].

### THE COMBINED PLAN

2.    On March 28, 2022, the Debtors filed the *Plan Proponents' Combined Disclosure Statement and Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ●] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "<u>Combined Plan</u>").

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

## INTERIM APPROVAL OF DISCLOSURES

3.      By an Order dated April [●], 2022 (the "<u>Solicitation Procedures Order</u>"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "<u>Disclosures</u>") in the Combined Plan as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

## THE COMBINED HEARING

4.      On [●], **2022 at [●] (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "<u>Combined Hearing</u>").

5.      The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan. The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

6.      You are receiving this Notice because under the terms of the Combined Plan, either: (a) your Claim(s) are not classified under the Combined Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Combined Plan; or (b) you are a holder of a Claim which is defined in the Combined Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Combined Plan, and therefore deemed to have accepted the Combined Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Combined Plan. Accordingly, this notice is being mailed to you for your information only.

7.      If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Combined Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

## COPIES OF THE COMBINED PLAN

8.      If you wish to receive copies of the Combined Plan, they will be provided, as quickly as practicable, upon request to the Voting Agent, Pachulski Stang Ziehl & Jones, LLP

2

("PSZJ"), by writing to Agspring Mississippi Ballot Processing Center, c/o PSZJ, 919 N. Market Street, 17th Floor, Wilmington, DE 19801 or by phone at 302-778-6464.  Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## ADMINISTRATIVE CLAIM BAR DATE

9.      Article I of the Combined Plan sets a Bar Date for the filing of Administrative Claims arising on or after December 16, 2021, as forty-five (45) days after the Effective Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

10.      Article XIII of the Combined Plan contain the release and exculpation provisions set forth below:

**Exculpation**:  **THE EXCULPATED PARTIES WILL NEITHER HAVE NOR INCUR ANY LIABILITY TO ANY ENTITY FOR ANY ACTION IN GOOD FAITH TAKEN OR OMITTED TO BE TAKEN AFTER THE PETITION DATE THROUGH AND INCLUDING THE EFFECTIVE DATE IN CONNECTION WITH OR RELATED TO THE CHAPTER 11 CASES, THE SALE OF THE DEBTORS' ASSETS (INCLUDING, WITHOUT LIMITATION THE SALE OF THE ASSETS PURSUANT TO THE GREENFIELD SALE ORDER OR ANY TUBBS SALE ORDER) OR THE FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION OR CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR ANY AGREEMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE COMBINED DISCLOSURE STATEMENT AND PLAN; *PROVIDED, HOWEVER*, THAT THIS LIMITATION WILL NOT AFFECT OR MODIFY THE OBLIGATIONS CREATED UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE RIGHTS OF ANY HOLDER OF AN ALLOWED CLAIM TO ENFORCE ITS RIGHTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND SHALL NOT RELEASE ANY ACTION (OR INACTION) CONSTITUTING WILLFUL MISCONDUCT, FRAUD OR GROSS NEGLIGENCE (IN EACH CASE SUBJECT TO DETERMINATION OF SUCH BY FINAL ORDER OF A COURT OF COMPETENT JURISDICTION).  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH EXCULPATED PARTY SHALL BE ENTITLED TO AND GRANTED THE PROTECTIONS OF § 1125(E) OF THE BANKRUPTCY CODE.  EXCEPT AS SPECIFICALLY SET FORTH IN ARTICLE XIII [OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, NO PROVISION OF THIS COMBINED DISCLOSURE STATEMENT AND PLAN SHALL BE DEEMED TO ACT TO OR RELEASE ANY CLAIMS, CAUSES OF ACTION, RIGHTS OR LIABILITIES THAT THE DEBTORS OR THE ESTATES MAY HAVE AGAINST ANY ENTITY OR PERSON FOR ANY ACT, OMISSION OR FAILURE TO ACT THAT OCCURRED PRIOR TO THE PETITION DATE, NOR SHALL ANY PROVISION OF**

3

THIS COMBINED DISCLOSURE STATEMENT AND PLAN BE DEEMED TO ACT TO RELEASE ANY CAUSES OF ACTION AND LITIGATION CLAIMS.

**Injunction**: IN IMPLEMENTATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE CONFIRMATION ORDER OR THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND EXCEPT IN CONNECTION WITH THE ENFORCEMENT OF THE TERMS OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR ANY DOCUMENTS PROVIDED FOR OR CONTEMPLATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS OR THE ESTATES THAT AROSE PRIOR TO THE EFFECTIVE DATE ARE PERMANENTLY ENJOINED FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE DEBTORS, THE LIQUIDATING DEBTORS, OR THE ESTATES WITH RESPECT TO ANY SUCH CLAIM OR INTEREST; (B) THE ENFORCEMENT, ATTACHMENT, COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS, DIRECTLY OR INDIRECTLY, OF ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE LIQUIDATING DEBTORS, OR THE ESTATES WITH RESPECT TO ANY SUCH CLAIM OR INTEREST; (C) CREATING, PERFECTING, OR ENFORCING, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTORS, THE LIQUIDATING DEBTORS, OR THE ESTATES WITH RESPECT TO ANY SUCH CLAIM OR INTEREST; (D) ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE COMBINED DISCLOSURE STATEMENT AND PLAN WITH RESPECT TO SUCH CLAIM OR INTEREST, INCLUDING WITHOUT LIMITATION, ANY ACT TAKEN IN VIOLATION OF ARTICLE XIII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AGAINST ANY OF THE RELEASED PARTIES WITH RESPECT TO ANY MATTERS RELEASED UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN IN FAVOR OF SUCH RELEASED PARTIES.  NOTHING CONTAINED IN THIS SECTION SHALL PROHIBIT THE HOLDER OF A TIMELY FILED PROOF OF CLAIM FROM LITIGATING ITS RIGHT TO SEEK TO HAVE SUCH CLAIM DECLARED AN ALLOWED CLAIM AND PAID IN ACCORDANCE WITH THE DISTRIBUTION PROVISIONS OF THIS COMBINED DISCLOSURE STATEMENT AND PLAN, OR OTHERWISE ENJOIN OR PROHIBIT THE INTERPRETATION OR ENFORCEMENT BY THE CLAIMANT OF ANY OF THE OBLIGATIONS OF THE DEBTORS OR LIQUIDATING DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN.

**Debtors' Release**: PURSUANT TO § 1123(b) OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, FOR GOOD AND VALUABLE CONSIDERATION, ON AND AFTER AND SUBJECT TO THE OCCURRENCE OF THE

4

**EFFECTIVE DATE, THE DEBTORS, THE LIQUIDATING DEBTORS, AND THE ESTATES SHALL RELEASE EACH RELEASED PARTY, AND EACH RELEASED PARTY IS DEEMED RELEASED BY THE DEBTORS, THE LIQUIDATING DEBTORS, AND THE ESTATES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THE LIQUIDATING DEBTORS, OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, MATURED OR UNMATURED, DETERMINED OR DETERMINABLE, DISPUTED OR UNDISPUTED, LIQUIDATED OR UNLIQUIDATED, OR DUE OR TO BECOME DUE, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS, THE LIQUIDATING DEBTORS, OR THE ESTATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' LIQUIDATION, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER OF ANY SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE TRANSACTIONS MADE BY OR CONTEMPLATION UNDER THE GREENFIELD SALE ORDER OR ANY TUBBS SALE ORDER, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE TREATMENT OF CLAIMS AND EQUITY INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON AND BEFORE THE PETITION DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; PROVIDED, THAT THE FOREGOING DEBTOR RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE ANY OBLIGATIONS OF ANY PARTY UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE**

5

CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE LIQUIDATING DEBTORS OR THE ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.

11.    <u>Third Party Release</u>:  ON, AND AS OF, THE EFFECTIVE DATE AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE ACKNOWLEDGED, THE RELEASED PARTIES SHALL BE FOREVER RELEASED (THE "<u>THIRD PARTY RELEASE</u>") FROM ANY AND ALL CLAIMS, OBLIGATIONS, ACTIONS, SUITS, RIGHTS, DEBTS, ACCOUNTS, CAUSES OF ACTION, REMEDIES, AVOIDANCE ACTIONS, AGREEMENTS, PROMISES, DAMAGES, JUDGMENTS, DEMANDS, DEFENSES AND LIABILITIES THROUGHOUT THE WORLD UNDER ANY LAW OR COURT RULING THROUGH THE EFFECTIVE DATE (INCLUDING ALL CLAIMS BASED ON OR ARISING OUT OF FACTORS OR CIRCUMSTANCES THAT EXISTED AS OF OR PRIOR TO THE EFFECTIVE DATE, INCLUDING CLAIMS BASED ON NEGLIGENCE OR STRICT LIABILITY, AND FURTHER INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE) WHICH THE DEBTORS, THE LIQUIDATING DEBTORS, THE ESTATES, CREDITORS, OR OTHER PERSONS RECEIVING OR WHO ARE ENTITLED TO RECEIVE DISTRIBUTIONS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN MAY HAVE AGAINST ANY OF THEM IN ANY WAY RELATED TO THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON AND BEFORE THE PETITION DATE, AND RELATED TO THE DEBTORS (OR THEIR PREDECESSORS), THEIR BUSINESS AND/OR THEIR ASSETS; *PROVIDED, HOWEVER* THAT THE FOREGOING RELEASES ARE GRANTED ONLY BY (A) CREDITORS WHO ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE COMBINED DISCLOSURE STATEMENT AND PLAN; (B) CREDITORS WHO RETURNED A BALLOT AND DID NOT CHECK THE OPT-OUT BOX ON THE BALLOT; AND (C) CREDITORS WHO WERE SENT A SOLICITATION PACKAGE, BUT EITHER (I) DID NOT VOTE; OR (II) DID NOT RETURN A BALLOT WITH THE OPT-OUT BOX CHECKED; *PROVIDED, HOWEVER,* THAT THE RELEASE PROVIDED IN THIS SECTION SHALL NOT APPLY TO A CREDITOR'S CLAIMS AGAINST THE TUBBS PARTIES SOLELY BASED UPON SUCH CREDITOR'S DIRECT CONTRACTUAL RIGHTS, IF ANY, AGAINST THE TUBBS PARTIES, PROVIDED FURTHER THAT NOTHING IN THIS SECTION SHALL

6

**RELEASE ANY RELEASED PARTY FROM ACTS THAT ARE JUDICIALLY DETERMINED TO CONSTITUTE FRAUD, WILLFUL MISCONDUCT OR GROSS NEGLIGENCE. FOR AVOIDANCE OF DOUBT, THE LENDERS SHALL BE DEEMED TO HAVE GRANTED THE THIRD PARTY RELEASE;** *PROVIDED, HOWEVER* **THAT THE THIRD PARTY RELEASE DOES NOT RELEASE ANY OBLIGATIONS, ACTIONS, SUITS, RIGHTS, DEBTS, ACCOUNTS, CAUSES OF ACTION, REMEDIES, AVOIDANCE ACTIONS, AGREEMENTS, PROMISES, DAMAGES, JUDGMENTS, DEMANDS, DEFENSES AND LIABILITIES BETWEEN OR AMONG THE PREPETITION TERM AGENT, ON THE ONE HAND, AND THE PREPETITION TERM LENDERS, ON THE OTHER HAND.**

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE
## DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN

12.    Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before [●], 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtors, (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA 90017 (Attn: Samuel Maizel (samuel.maizel@dentons.com), Tania M. Moyron (tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com)); and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) counsel to the Debtors' Prepetition Term Lenders, (a) Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202-4003 (Attn: Zachary H. Smith (zacharysmith@mvalaw.com), Stephen E. Gruendel (stevegruendel@mvalaw.com) and Gabriel L. Mathless (gabrielmathless@mvalaw.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Jason M. Madron, Esq. (madron@rlf.com)); and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov)).

Date:  April __, 2022

7

**DENTONS US LLP**
Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Tel: (213) 623-9300
Fax: (213) 623-9924
Email: samuel.maizel@dentons.com
      tania.moyron@dentons.com

-and-

**DENTONS US LLP**
David F. Cook (DE Bar No. 6352)
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7301
Email: david.f.cook@dentons.com

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
Email: ljones@pszjlaw.com
      mcaloway@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*

8