# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AGSPRING MISSISSIPPI REGION, LLC, *et al.*,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>Jointly Administered<br><br>**Objection Deadline: April 21, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: May 27, 2022 at 10:00 a.m.** |

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER (I) EXTENDING THE DEADLINE BY WHICH THE
### DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
### NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property ("Unexpired Leases") by ninety (90) days.[2] In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC, a Delaware limited liability company (9147 ); Agspring MS 1, LLC, a Delaware limited liability company (6456 ); Agspring MS, LLC, a Delaware limited liability company (2692 ); Lake Providence Grain and Rice LLC, a Delaware limited liability company (1986); and Bayou Grain & Chemical Corporation (7831), an Arkansas Corporation (1986).  The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] The Debtors note that they have filed this Motion prior to the expiration of the current deadline of April 8, 2022. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the deadline pending the Court's hearing to consider the relief requested by this Motion.

District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is § 364(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On September 10, 2021, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under §§ 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Debtors' chapter 11 cases and no committee has been formed.

5. A more detailed description of the Debtors' businesses and operations, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in the *Declaration of Kyle Sturgeon* [D.I. 19].

6. On March 30, 2022, the Debtors filed the *Plan Proponents' Combined Disclosure Statement and Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 337] (including all exhibits thereto and as amended, supplemented or otherwise modified from

time to time, the "Combined Disclosure Statement and Plan"). A hearing to consider interim approval of the disclosures contained in the Combined Disclosure Statement and Plan is scheduled for April 18, 2022 with a confirmation hearing anticipated on May 27, 2022. Under the terms of the Combined Disclosure Statement and Plan, the Debtors will reject all remaining Unexpired Leases upon the effective date of the Combined Disclosure Statement and Plan.

## Relief Requested

7. By this Motion, the Debtors respectfully request that this Court, pursuant to §365(d)(4) of the Bankruptcy Code, extend the deadline by which the Debtors must assume or reject Unexpired Leases by ninety (90) days, or through July 7, 2022.

## Basis for Relief Requested

8. Section 365(d)(4) of the Bankruptcy Code provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> > (i) the date that is 120 days after the date of the order for relief; or
> >
> > (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> > (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. §365(d)(4).

3

9. Congress extended the deadline contained in §365(d)(4)(A)(1) of the Bankruptcy Code for an additional ninety (90) days pursuant to the CARES Act. Accordingly, the current deadline for the Debtors to assume or reject the Unexpired Leases is April 8, 2022.

10. Section 365(d)(4) of the Bankruptcy Code authorizes a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day [now 210 days] period, for 90 days on the motion of the trustee or lessee for cause." 11 U.S.C. § 365(d)(4)(B)(i).

11. "Cause," as used in §365(d)(4) of the Bankruptcy Code, is not defined by the Bankruptcy Code. Among other things, courts have considered the following non-exhaustive factors in evaluating whether "cause" exists for purposes of §365(d)(4) of the Bankruptcy Code:

(1) the complexity of the case facing the debtor;

(2) the number of leases that the debtor must evaluate;

(3) whether the debtor is paying for the use of the property; and

(4) whether the debtor's continued occupation could damage the lessor beyond the compensation available to it under the Bankruptcy Code.

12. *South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (discussing factors relevant to consideration of "cause" to extend time under §365(d)(4) of the Bankruptcy Code); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating."), *cert. denied*, 510 U.S. 865 (1993).

13. Courts in this district consistently have recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under §365(d)(4) of the Bankruptcy Code. *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88;

*In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Centers*, 1997 WL 538785 (D. Del. Aug. 13, 1997). As the United States Court of Appeals for the Third Circuit has stated, "[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs., Inc.*, 989 F.2d at 689; see also *Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n. 5 (9th Cir. 1997) (noting that bankruptcy courts often grant debtors' requests for extensions), *cert. denied*, 522 U.S. 1148 (1998).

14. Cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases. This is the Debtors' first request for an extension of the deadline to assume or reject Unexpired Leases.

15. No party is prejudiced by the requested extension. The Debtors have been working in good faith to execute a chapter 11 strategy that maximizes stakeholder recoveries. The Debtors and their advisors continue to work with stakeholders toward a successful outcome for these chapter 11 cases. In furtherance of that goal, the Debtors filed the Combined Disclosure Statement and Plan and are moving forward to confirmation. The Debtors need to retain their interest in the Unexpired Leases pending confirmation of the Combined Disclosure Statement and Plan. No party is prejudiced by the requested extension.

16. Accordingly, the Debtors submit that cause exists for the Court to extend the Debtors' deadline to assume or reject Unexpired Lease through July 7, 2022.

## Notice

17. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and

postpetition secured lenders; (c) the Debtors' top 20 unsecured creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18. No prior request for the relief sought in this Motion has been made to this or any other court, except as set forth herein.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto, extending the Debtors' deadline to assume or reject Unexpired Lease through July 7, 2022, and for such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: April 6, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Mary F. Caloway*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Mary F. Caloway (DE Bar No. 3059)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899 (Courier 19801)<br>Tel:    (302) 652-4100<br>Fax:   (302) 652-4400<br>Email: ljones@pszjlaw.com<br>         tcairns@pszjlaw.com<br>         mcaloway@pszjlaw.com<br><br>-and-<br><br>Samuel R. Maizel<br>Tania M. Moyron **DENTONS US LLP**<br>601 S. Figueroa Street #2500<br>Los Angeles, CA 90017<br>Telephone: (213) 623-9300<br>Email: samuel.maizel@dentons.com<br>          tania.moyron@dentons.com<br><br>David F. Cook (DE Bar No. 6352)<br>**DENTONS US LLP**<br>1900 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 496-7500<br>Email: david.f.cook@dentons.com<br><br>*Counsel for Debtors and Debtors in Possession* |