IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGSPRING MISSISSIPPI REGION, LLC, | ) | Case No. 21-11238 (CTG) |
| *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:  May 10, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FIFTH MONTHLY APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM JANUARY 1, 2022 THROUGH JANUARY 31, 2022**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to September 10, 2021 by order signed on or about October 13, 2021 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2022 through January 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $23,410.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    861.73 |

This is a:    ☒ monthly    ☐ interim    ☐ final application.

The total time expended for fee application preparation is approximately 2.0 hours

and the corresponding compensation requested is approximately $800.00.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 02/03/22 | 09/10/21 – 09/30/21 | $218,257.50 | $    917.67 | $218,257.50 | $    917.67 |
| 02/03/22 | 10/01/21 – 10/31/21 | $177,175.00 | $14,539.91 | $177,175.00 | $14,539.91 |
| 02/22/22 | 11/01/21 – 11/30/21 | $ 69,764.50 | $ 5,860.33 | $ 69,764.50 | $ 5,860.33 |
| 03/13/22 | 12/01/21 – 12/31/21 | $ 35,393.00 | $ 1,808.75 | $ 28,314.40 | $ 1,808.75 |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,575.00 | 1.80 | $ 2,835.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,395.00 | 0.40 | $    558.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,275.00 | 1.10 | $ 1,402.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,195.00 | 12.00 | $14,340.00 |
| Karina K. Yee | Paralegal 2000 | $  495.00 | 6.80 | $ 3,366.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  395.00 | 1.80 | $    711.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  395.00 | 0.50 | $    197.50 |

**Grand Total:**     **$23,410.00**
**Total Hours:**          **24.40**
**Blended Rate:**      **$959.43**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 5.70 | $5,651.50 |
| Case Administration | 4.70 | $2,656.50 |
| Claims Admin./Objections | 0.20 | $  239.00 |
| Compensation of Prof./Others | 3.80 | $4,191.00 |
| Financial Filings | 3.30 | $3,593.50 |
| Financing | 2.50 | $2,605.50 |
| Plan & Disclosure Statement | 3.20 | $3,278.00 |
| Retention of Professional/Other | 1.00 | $1,195.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Express Mail | Federal Express | $249.30 |
| Legal Research | Lexis/Nexis | $ 77.13 |
| Court Research | Pacer | $ 15.10 |
| Postage | US Mail | $162.90 |
| Reproduction Expense | | $ 13.00 |
| Reproduction/ Scan Copy | | $344.30 |

---

[2] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AGSPRING MISSISSIPPI REGION, LLC, | ) | Case No. 21-11238 (CTG) |
| *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:  May 10, 2022 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

## FIFTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2022 THROUGH JANUARY 31, 2022

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief," signed on or about October 15, 2021 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Co-Counsel for the Debtors and Debtors in Possession, hereby submits its Fifth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2022 through January 31, 2022 (the "Application").

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $23,410.00 and actual and necessary expenses in the amount of $861.73 for a total allowance of $24,271.73 and payment of $18,728.00 (80% of the allowed fees) and reimbursement of $861.73 (100% of the allowed expenses) for a total payment of $19,589.73 for the period January 1, 2022 through January 31, 2022 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows.

### Background

1. On September 10, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about October 15, 2021, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Commencing

with the period ending November 30, 2021, and at three-month intervals thereafter, each of the

Professionals may file and serve an interim application for allowance of the amounts sought in

its monthly fee applications for that period.  All fees and expenses paid are on an interim basis

until final allowance by the Court.

4.      The retention of PSZ&J, as Co-Counsel for the Debtors and Debtors in

Possession, was approved effective *nunc pro tunc* to September 10, 2021 by this Court's "Order

Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of

Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of

Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession

*Nunc Pro Tunc* to the Petition Date," signed on or about October 13, 2021 (the "Retention

Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be

reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Debtors.

6.      PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  PSZ&J has received

payments from the Debtors during the year prior to the Petition Date in the amount of $190,000

in connection with the preparation of initial documents and the prepetition representation of the

Debtors.  Upon final reconciliation of the amount actually expended prepetition, any balance

remaining from the payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's

retainer to apply to postpetition fees and expenses pursuant to the compensation procedures

approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

**Actual and Necessary Expenses**

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

###           A.        Bankruptcy Litigation

15.      This category relates to work regarding motions and adversary

proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) performed work regarding an Omnibus hearing dates order; (2) performed work regarding

Agenda Notices; (3) performed work regarding a motion and order to extend the removal period;

(4) attended to scheduling issues; (5) performed research; (6) reviewed and analyzed issues

regarding new petitions; and (7) conferred and corresponded regarding bankruptcy litigation

issues.

>           Fees:  $5,651.50;       Hours:  5.70

###        B.        Case Administration

16.      This category relates to work regarding administration of this case.

During the Interim Period, the Firm, among other things, maintained document control, and

maintained a memorandum of critical dates.

>           Fees:  $2,656.50;       Hours:  4.70

###        C.        Claims Admin/Objections

17.      This category relates to work regarding claims administration and claims

objections.  During the Interim Period, the Firm, among other things, reviewed and analyzed

issues regarding a bar date order.

>           Fees:  $239.00;       Hours:  0.20

**D.      Compensation of Professionals--Others**

18.      This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding the Dentons and Faegre fee applications, and corresponded regarding compensation issues.

Fees:  $4,191.00;      Hours:  3.80

**E.      Financial Filings**

19.      This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things:  (1) performed work regarding amended Schedules and Statements; (2) performed work regarding a notice of amended Schedules and Statements; (3) performed work regarding Monthly Operating Reports; and (4) corresponded regarding financial filings issues.

Fees:  $3,593.50;      Hours:  3.30

**F.      Financing**

20.      This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding a challenge stipulation; (2) reviewed and analyzed cash collateral issues; (3) reviewed and analyzed budget issues; (4) performed work regarding a notice of amended budget; and (5) corresponded regarding financing issues.

Fees:  $2,605.50;      Hours:  2.50

**G.     Plan and Disclosure Statement**

21.     This category relates to work regarding Plan of Reorganization ("Plan") and Disclosure Statement issues.  During the Interim Period, the Firm, among other things: (1) performed work regarding a motion to extend the exclusivity deadlines; (2) performed work regarding an order on the motion to extend the exclusivity deadlines; and (3) performed work regarding a Plan term sheet.

Fees:  $3,278.00;       Hours:  3.20

**H.     Retention of Professionals--Others**

22.     This category relates to work regarding the retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding an application to retain Louisiana local counsel.

Fees:  $1,195.00;       Hours:  1.00

**<u>Valuation of Services</u>**

23.     Attorneys and paraprofessionals of PSZ&J expended a total 24.40 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,575.00 | 1.80 | $ 2,835.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,395.00 | 0.40 | $   558.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,275.00 | 1.10 | $ 1,402.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,195.00 | 12.00 | $14,340.00 |
| Karina K. Yee | Paralegal 2000 | $  495.00 | 6.80 | $ 3,366.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  395.00 | 1.80 | $    711.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  395.00 | 0.50 | $    197.50 |

**Grand Total:**    **$23,410.00**
**Total Hours:**          **24.40**
**Blended Rate:**     **$959.43**

24.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $23,410.00.

25.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of January 1, 2022 through January 31, 2022, an interim allowance be made to PSZ&J for compensation in the amount of $23,410.00 and actual and necessary expenses in the amount of $861.73 for a total

allowance of $24,271.73 and payment of $18,728.00 (80% of the allowed fees) and

reimbursement of $861.73 (100% of the allowed expenses) be authorized for a total payment of

$19,589.73; and for such other and further relief as this Court deems proper.

Dated:  April 19, 2022          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
         tcairns@pszjlaw.com
         mcaloway@pszjlaw.com

Co-Counsel for the Debtors and Debtors in Possession

# **DECLARATION**

STATE OF DELAWARE : :
                     :
COUNTY OF NEW CASTLE : :

      Laura Davis Jones, after being duly sworn according to law, deposes and says:

      a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

      b)      I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

      c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about October 15, 2021 and submit that the Application substantially complies with such Rule and Order.

                */s/ Laura Davis Jones*
                Laura Davis Jones