## Exhibit B

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AGSPRING MISSISSIPPI REGION,**<br>**LLC, _et al._,[1]**<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11238 (CTG)<br><br>Jointly Administered<br><br>**Ref Docket No. ——449** |

### ORDER DISMISSING CHAPTER 11 CASES

Upon consideration of the _Debtors' Motion for an Order Pursuant to Sections 305(a), 349, and 1112(b) of the Bankruptcy Code Dismissing the Debtors' Chapter 11 Cases_ (the "Motion");[2] and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the hearing was sufficient and proper; and (d) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the following Chapter 11 Cases are dismissed: Agspring Mississippi Region, LLC, Case No. 21-11238; Agspring MS 1, LLC, Case No. 21-11239; Agspring MS, LLC, Case No. 21-11240; Lake

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring Mississippi Region, LLC (9147); Agspring MS 1, LLC (6456); Agspring MS, LLC (2692); Lake Providence Grain and Rice LLC (1986); and Bayou Grain & Chemical Corporation (7831). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] A capitalized term used but not defined herein shall have the same meaning ascribed to it in the Motion.

Providence Grain and Rice LLC, Case No. 21-11241; Bayou Grain & Chemical Corporation, Case No. 21-11242.

3.      Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in the Chapter 11 Cases shall survive the dismissal of the Chapter 11 Cases and the findings therein shall remain in full force and effect.

4.      Notwithstanding the dismissal of the Chapter 11 Cases, Kyle Sturgeon, in his capacity as chief restructuring officer of the Debtors, shall maintain authority to take any and all actions necessary to effectuate the dissolution of the Debtors and cancellation of their legal existences.

5.      If not already filed, the Debtors shall file monthly operating reports for the months of July, 2022 and August, 2022 within five business days of entry of this Order.  The Debtors are further hereby authorized and directed to pay all UST Fees and Professional Fee Claims within 5 business days of entry of this Order.

6.      The Debtors are hereby authorized and directed to enter into the Assignment Agreement and to assign their rights in the Cooperative Equity (or to otherwise liquidate such rights in the Cooperative Equity, with the consent of the Lenders) and the Escrow Funds to the Lenders or the Lenders' designee upon the dismissal of the Chapter 11 Cases or at such later time as agreed in writing by the Lenders in their sole discretion.

7.      The Debtors are hereby authorized and directed to turnover the Remaining Cash to the Lenders upon the dismissal of the Chapter 11 Cases, after payment of the UST Fees and the Professional Fee Claims, less an amount equal to the Wind-Down Funds.

8.      The Debtors shall comply with the Wind-Down Budget following the dismissal, subject to such modifications as may be agreed by the Lenders in writing from time to time in

2

their sole discretion.  Any Wind-Down Funds remaining following the wind-down and dissolution of the Debtors shall be paid to the Lenders on account of their first-priority secured claims and liens on such funds.  On the fifth business day of each calendar month following the dismissal of the Chapter 11 Cases (or such other date as the Lenders may agree in their sole discretion) until such time as the Dissolution of the Debtors has occurred, the Debtors shall provide the Lenders with, in form and detail satisfactory to the Lenders: (a) a report reflecting the balance of the Wind-Down Funds as of the last day of the preceding calendar month, (b) a line item summary of all expenditures of Wind-Down Funds during the preceding calendar month, and (c) a reconciliation of all expenditures of Wind-Down Funds against the Wind-Down Budget.

9.      Each of the retentions of the Debtors' professionals is terminated without the need for further action on the part of this Court, the Debtors, or such firms.  Notwithstanding anything to the contrary herein, the Court shall retain jurisdiction to consider and rule on any fee applications following entry of this Order, to the extent necessary.

10.      To the extent applicable, the 14-day stay to effectiveness of this Order provided under Federal Rule of Bankruptcy Procedure 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

11.      The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

12.      The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or relating to the implementation of any order of this Court entered in the Chapter 11 Cases.

3

Document comparison by Workshare Compare on Thursday, August 11, 2022
7:21:27 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/239959/2 |
| Description | DOCS_DE-#239959-v2-Agspring_Motion_to_Dismiss_cases |
| Document 2 ID | PowerDocs://DOCS_DE/239959/4 |
| Description | DOCS_DE-#239959-v4-Agspring_Motion_to_Dismiss_cases |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 6 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 9 |